## N. C. JACKSON v. E. P. JACKSON.

### [63 South. 275.]

1. INFANTS. *Disability. Removal. Proceeding. Parties.* Code 1906, *sections 544 and 545.*

   Under Code 1906, section 544 so providing in removing the disabilities of a minor the petition must be made in writing by the minor by his next friend, and the fact that the petition is filed by him and by his father and mother is not sufficient to confer jurisdiction to grant the relief.

2. SAME.

   Under Code 1906, section 545, so providing in an *ex parte* proceeding for the removal of the disabilities of a minor all the kindred within the third degree must be made parties or join in the proceeding and the joining of the father and mother if there are any other kindred in the third degree will not suffice.

APPEAL from the chancery court of Leake county.
HON. J. F. McCOOL, Chancellor.

Bill by N. C. Jackson against E. P. Jackson to set aside a deed made by a minor.  From a judgment sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

· *J. L. McMillon,* for appellant.

·· The power of the chancery court to remove the disability of minority of minors in its county is strictly statutory and the statute authorizing the same must be strictly followed or the proceedings are void. Under paragraph 545, Code 1906, when the petition is *ex parte* it must be joined in by all the relatives of the minor of the third degree. It is wholly insufficient for the father and mother alone to join in an *ex parte* petition where there are other relatives of the prescribed degree, as in the present case. *Marks* v. *McElroy,* 67 Miss. 545; *Lake* v. *Perry,* 95 Miss. 550.

It is manifest that this statute is a safeguard throne around the interest of the minor that his disabilities of minority may not be removed in a corner by designing parents, as in the instant case, but that all the relatives of the prescribed degree must join in the petition or it must be given publicity by the service of the process by the sheriff, etc.

· *Mayes & Mayes,* for appellant.

The whole point of the brief for the appellee consists in the proposition that if a proceeding for the removal of the disabilities is *ex parte* under section 545 of the Code (495 of the Code of 1892), it is not necessary for the kinspeople to participate in such proceedings, if it be true that the father and mother filed a petition. We earnestly submit that such is not the correct interpretation of that statute.

The scheme devised for the removal of a minor's disabilities contemplates two distinct processes:

First, for suits to be brought under section 544 in which case the petition is to be filed by the minor by his next friend, and to that petition the parents shall be made parties defendant; and if there be no parents living, then two of the minor's nearest kin who are within the third decree, computed according to the civil law.

Proceeding on this scheme, however, it is clear that the legislature never did intend that the parents, when summoned as defendants, or the two next of kin, when summoned as defendants, should conclusively determine the matter, or control the question, because the statute expressly provided that in such case any other relative or friend of the minor may appear and resist the application. The law requires that the parents, or in default thereof, two of the next kin, shall be brought in.

It also requires that when this is done, any other person, of kin, or interested by friendship, shall have the privilege of speaking up in opposition to such removal.

Secondly, the statute provides (section 545) for an application to be made *ex parte*. This is a very delicate proceeding in any case. It is in the nature of an *ex parte* proceeding that it shall be so. In authorizing this sort of a proceeding for the removal of a minor's disabilities, the conditions under which it may be had are clearly prescribed by the statute. And the statute must be followed strictly. It contains no warrant that the parents may conduct this *ex parte* proceeding. In one condition on which it can be validly conducted is where the minor has no kindred within the prescribed degree. The expression employed, "kindred within the prescribed degree," may include his father and mother, for they are within the prescribed degree. The father and mother are of kin to him in the first degree; and, of course, since the prescribed degree is the third degree, according to the civil law they are within it. But this one condition prescribed by the statute is that there shall be no kindred within the prescribed degree. That means that if there is no father and mother, no brothers and sisters, no uncles and aunts, no nephews and nieces (for these are the kindred within the third degree according to the method of the civil law); if there are none of these, then says the statute, "It shall not be necessary to make any person defendant thereto." But the matter of looking

after the interest of the minor is turned over to the court. This is where there are none such.

On the other hand, if there are any such, then in the positive terms of the statute, all such kindred shall unite in the *ex parte* petition. The father and mother are of such kin it is true, because they are within the third degree. But they are not all of such kin; and this statute means, as plain as anything can be, that if it is proposed to remove the disabilities of a minor, *ex parte,* not only his father and mother, but his uncles and aunts and his nephews and nieces, must unite in the petition. Of course, it is possible for a minor to have nephews and nieces who are of age, though not common.

The language of the statute is clear. It does not say that some of them must unite in the petition, but it says that all of them must unite. Now, in the case at bar they did not. It is affirmatively shown that such kindred existed, in addition to the father and mother, who alone conducted this procedure. The petition showed on its face that he had brothers and sisters who did not participate in the proceeding. We submit that in the application of this statute it was jurisdictional to show a full list of every kinsman that the minor had within the third degree, computed according to the rule of the civil law; and it was jurisdictional for each and every one of them to unite in the petition.

In some instances, it is true that this might be rather a cumberous proceeding; but it is the safeguard which the legislature has thrown about this *ex parte* and extraordinary proceeding, by which a minor is authorized to divest himself of his estate. And it is only by this statute that the thing could be done at all. The statute should be followed strictly.

*O. A. Luckett* and *W. A. Ellis,* for appellee.

Did the chancery court acquire jurisdiction to remove the disabilities of minority of N. C. Jackson? Certainly

it did. The bill on its face shows a copy of the bill on which removal was sought. All are parties and citizens of. Leake county, Mississippi. The jurisdiction of the court is clearly shown. Counsel for appellant cites *Marks* v. *McElroy,* 67 Miss. 545. If the court will notice in that case on page 547, the decree alone was offered in evidence and the decree alone as evidence in another and different suit, did not show jurisdiction. We submit it is no parallel case at all to throw any light on the instant case.

Only one assignment of error is pointed out in this present case and that is to the effect that the court erred in holding the civil disabilities of minority of N. C. Jackson removed, etc.

We respectfully submit that the case of *Perry* v. *Lake* in 49 So. Rep. 569, is exactly in point in this case. The mere fact that the parents were not parties defendant, by process, is no reason why they were not proper parties. If they join in the petition, both if alive, or the survivor if only one be living, this is sufficient. It is wholly unnecessary to make a party a defendant, if he comes in and joins in the petition. He is a party all the same. In this case removing the disabilities of minority of Jackson, or his parents joined in the petition with him, and this being so, his relatives and other kinsfolk had nothing to do with it, except they could, if they so desired, come in and have been made parties. But it was not necessary to make them parties, either plaintiffs or defendants, in the first instance. This case last cited in construing sections in Code 1892, explains and interprets the law in Code 1906, sections 543 to 546. If the parent is made a party complainant, is it possible that the proceedings are void if he is not made a defendant? Why is he made a defendant? Because he fails to join in the bill. But if he does join in the bill as complainant, why is it necessary for him to be a defendant? Where is the reason of the rule? In the Perry case just

cited, the parent was no party at all and of course as the attorney in the case appeared as next friend and no other parties, of course the decree was void.

To make a long brief short and to the point, we respectfully submit that if all the parents if living, or the survivor of them if one be dead, join in the petition for the removal of the civil disabilities of minority of their child, it is sufficient, and the other kinsfolk are not necessary parties. They can come in like any other stranger or friend and help the minor as a matter of course and according to law but if they do not appear at all, the decree as to this ground will be sufficient and valid and legal. And if necessary and proper parties either as plaintiffs or defendants are before the court it is sufficient.

It is only when the parents are not parties to the bill, that it becomes necessary to make the relatives parties, etc. If parents are not the main proper parties to a bill of this kind, who are? The parents are presumed to know and look out for the welfare of their children better than kinsfolk of the third or any other degree until the contrary appears by strong evidence. It seems to us that this is clearly the meaning of the court in *Perry* v. *Lake,* 49 So. Rep. 569.

Cook, J., delivered the opinion of the court.

This action was begun by a bill filed in the chancery court of Leake county by appellant, praying that a certain deed executed by him during his minority be canceled. It seems that there was an attempt to remove appellant's disabilities of minority by the chancery court prior to the date of his signing the deed he now seeks to have canceled.

After charging that his parents exercised an undue influence in obtaining his signature to the deed, the bill makes the proceedings and decree of the court purporting to remove the minor's disabilities a part of his bill,

and charges that the court did not thereby obtain juris-
diction of the subject-matter, or the person of the minor,
and the decree removing his disabilities is void.

The petition upon which the court's action was based,
begins thus: "Your petitioner, N. Clinton Jackson, a
minor, for himself, and by his next of kin, to wit, his
mother, Adaline Jackson, and his father, S. J. Jackson,
show your honor as follows," etc.  No process was asked
for all of the next of kin within the third degree, and
none was issued; and the next of kin within the third
degree did not enter an appearance to the suit.  This
proceeding is not an ordinary proceeding in equity, but is
addressed to the chancery court because of its guardian-
ship of minors, and the statutes point the way to be trav-
eled in reaching the court.

Section 543 of the Code of 1906 confers upon the chan-
cery court of the county of the minor's residence juris-
diction to remove his disability of minority.  Section 544
provides:  "The application therefor shall be made in
writing by the minor *by his next friend.*"  It will be ob-
served in this case that the minor did not petition by his
next friend, but the petition was filed by the minor him-
self *and* by his mother and father.  It follows that the
plan of procedure prescribed by section 544 was not ob-
served.  It is contended, however, that the spirit and pur-
pose of the statute are satisfied by the joinder of the
mother and father as petitioners; they being the per-
sons primarily interested in the welfare of their son and
are so treated by the statute.

By the same section the lawmakers recognize that the
interests of the minor may not safely be left solely to
the discretion of his parents, and even when the petition
is strictly followed any relative or friend of the minor
may appear and resist the application.  Besides, the sec-
tion in question expressly provides that the minor must
have a next friend to stand by and represent him, no mat-
ter what may be the views or desires of his parents and

relatives.  So we conclude that, the petition in the instant case not being in accordance with section 544, we are unable to agree with the learned chancellor that the court had jurisdiction of the cause when it removed the minor's disabilities.

Neither can we reach the conclusion that section 545 changes the situation, because this section provides that in an *ex parte* proceeding (which this probably was) all the kindred within the third degree must be made parties to or join in the application.  Besides, it seems that the statutory scheme contemplates that the minor must in all events proceed by next friend.  To say that the statutory scheme was substantially complied with is to invade the realm of conjecture and to ignore the plain and unambiguous language of the statutes.

It seems best to leave this matter with the legislature, and for the courts to follow the paths marked out by the law, however unimportant the details may seem to us.  To single out individual infants to emancipate imposes upon the chancery court grave responsibilities, and when the court is called upon to exercise the power it should see to it that the minor's interests are safeguarded in every way the law prescribes.  The action of the chancellor in sustaining the demurrer to the bill is disapproved.

*Reversed and remanded.*