### HARDY et al. v. PEPPER.

[90 South. 181, No. 22224.]

INFANTS.   *In ex parte proceedings for removal of disabilities, all kindred
within third degree, known to a minor, must join.*

In an *ex parte* proceeding for the removal of the disabilities of a minor
under section 545, Code of 1906, all of the kindred within the third
degree known to the minor must join in it; otherwise it is invalid.

APPEAL from the chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Bill by Mrs. Mattie Hardy Pepper against Herbert Hardy
and others.   Decree for the plaintiff, and defendants ap-
peal.   Affirmed and remanded.

*Herring & Wiley,* for appellants.

On the 14th day of December, 1915, a decree was en-
tered by the chancellor removing her disabilities of minor-
ity generally and on the 23d day of December, 1915, the
appellee conveyed her undivided one-seventh interest in
the said land to her father, the said W. L. Hardy, for the

sum of five hundred thirty-two dollars and fifty-three cents, which was the fair market value of the said interest on said date.

Some time during the month of December, 1919, the said W. L. Hardy died, and by the provisions of his will which was afterward admitted to probate in the chancery court of Sunflower county, Mississippi, he devised his interest in the land in controversy in this suit to the appellants, his minor children.

The bill of complaint in this cause prays that the conveyance by the appellee of her undivided one-seventh interest to her father be set aside on the ground of minority, and under the agreed statement of facts filed herein, the only question for determination by this court is whether the disabilities of minority of the appellee were legally removed by the chancery court of Sunflower county, Mississippi, in cause No. 2754. There is no charge of undue influence on the part of the father of appellee in procuring the deed to her interest and it is admitted that she received the fair market value for her interest in the said land.

Section 544 of Mississippi Code of 1906, provides: "The application therefor shall be made in writing by the minor by his next friend and it shall state the age of such minor, and the names and place of residence of his parents, and if he has no parent, the names and place of residence of two of his nearest of kin within the third degree, computed according to the civil law," etc. Under this section, if the minor had filed her petition by next friend, and had the father, who was the only living parent, summoned as a party defendant, there could be no question raised as to the validity of the proceedings, because this section only requires two of the next of kin to be summoned when the minor has no living parent. Instead of making the father a party defendant in this proceeding, he simply joined in the petition, making himself a party thereto, and he was just as much in court as if he had been summoned as a defendant because if he had been summoned as a defendant he could have waived process and entered his appear-

ance.  In the case of *Lake* v. *Perry,* 95 Miss. 550, the court says:  "The nearest of kin are not to be summoned as proper parties defendant if the parents are alive and capable of acting, and manifestly parents are directed to be cited as the ones most proper so as to protect the minor, and they are the proper parties defendant referred to by the statutes where they are, or either of them is, alive."

Section 545, Mississippi Code of 1906, provides: "If the minor has no kindred within the prescribed degree whose place of residence is known to him or his next friend, or if all such kindred known to him or his co-petitioners shall unite with him in his application it shall not be necessary to make any person defendant thereto, etc.  We submit that this section means, when considered with section 544, that if the minor has a parent or parents living, they may join in the petition with him, and if he has no parent or parents, then the two nearest of kin may join in the petition with him, which would have the same effect as making the parent or parents, or the two nearest of kin in the event there are no parents, defendants as provided by section 544.

The decree removing the disabilities of minority of the appellee in this case is valid on its face and cannot be attacked collaterally in this proceeding by matters *dehors* the record.  *Duncan* v. *McNeill,* 31 Miss. 704; *Henderson* v. *Winchester,* 31 Miss. 290; *Cannon* v. *Cooper,* 39 Miss. 784, 80 Ad. 101; *Vicksburg* v. *Brenning,* 20 S. 845; *Starke* v. *Giddart,* 4 H. 267; *Goodsell* v. *Land Company,* 72 Miss. 580, 18 S. 452; *Aimes* v. *Williams,* 72 Miss. 720, 17 S. 762; *Pollard* v. *Bui,* 43 Miss. 140; *Harvey* v. *Miles,* 1 M. Dic. 135; *State* v. *Ricketts,* 67 Miss. 409, 7 S. 286; *Gillespie* v. *Hanestinc,* 72 Miss. 838, 17 S. 609; *Cook* v. *Simmons,* 57 Miss. 183; *Sweatman* v. *Dean,* 86 Miss. 641, 38 S. 231. What it a direct, and what is a collateral, attack?    See *McKinney* v. *Adams,* 50 S. 474; *Martin* v. *Miller,* 103 Miss. 754, 60 S. 722; *Wright* v. *Railway,* 101 Miss. 470, 58 S. 332.

In the case of *Memphis Stone & Gravel Company, et al.* v. *Archer,* 82 So. 315, the supreme court says: "A decree

when procured by minor complainant in his own favor when suing by next friend, is as binding upon him as it would be if he were an adult, provided the next friend acts in good faith. See *Johns* v. *Harper,* 61 Miss. 142.

We submit that the statute was fully complied with in removing the disabilities of minority of the appellee and that the decree rendered in this cause should be reversed.

*H. C. Mounger,* for appellants.

This proceeding was under section 544, of the Code of 1906, except that the father joined in the petition instead of being made a party to it. This section is fully complied with by the minor coming into court by her husband as next friend, her mother being dead, and her father being made a party by joining in the petition. It is contended that because he was not made a party defendant and summoned, that the statute was not complied with. It would not be contended that, as the father was the only parent, if he had been joined as a party defendant, there would have been any question about the legality of the proceedings.

Now what is the difference whether the father is in court as a complainant or petitioner or as a defendant? He is in court either way, whether he is summoned or comes into court voluntarily. He can protect the minor's interest by being on either side. The husband joined as next friend. The statute says, Code 1906, sec. 544: "The application therefor shall be made in writing by the minor by his next friend, and it shall state the age of such minor and the names and places of residence of his parents, and if he has no parent the names and places of residence of two of his nearest of kin within the third degree, etc."

In the case of *Lake* v. *Perry,* 95 Miss. 564, it is said section 494 of the Annotated Code of 1902, thus expressly provides that such petition, by the next friend of the minor, in writing, shall state the names and places of residence of his parents, and, if he has no parent, then and

then only, the names and places of residence of two of his nearest of kin, etc.

It is only when the minor has no parent that the next of kin must be made parties. Further, the nearest of kin are not to be summoned as proper parties defendant if the parents are alive and capable of acting. In the Lake case, the father was not made a party at all either as complainant or defendant. In the present case he is made a party, and is in court to protect the minor.

In the case of *Jackson* v. *Jackson*, 105 Miss. 868, 874, the court says: "Section 544 provides: 'The application therefor shall be made in writing by the minor by his next friend.'" Further, it will be observed in this case that the minor did not petition by his next friend, but the petition was filed by the minor himself and by his father and mother.

In the Jackson case there was no next friend. The court further says: "Besides the section in question expressly provides that the minor must have a next friend, etc."

We contend that even under the Jackson case our case conforms to section 544. The minor appeared by her husband and next friend and her father appeared in court as a petitioner. This was just as valid as if he had been made a party defendant for it makes no difference on which side he is aligned, so he is in court to represent the minor.

Under section 545, *ex parte* proceedings, if the parent is living, it is not necessary to join the next of kin. When section 545 uses the expression kindred within the prescribed degree, it does not refer to the parents, because section 544, says: "If he has no parents, the names and places of residence of his nearest of kin within the third degree must be given;" and section 545 says: "If the minor has no kindred within the prescribed degree, manifestly referring to the expression just used, and meaning kindred other than parents." It also says: "If the minor has no kindred within the prescribed degree whose place of resi-

dence is known to him or his next friend, and it does not seem probable that it would speak of place of residence of the parents being unknown to the minor, their own children." Under either section we contend that the other kindred are not necessary parties, when. one of the parents is living.

The proceedings in the case of *Lake* v. *Perry,* were invalid because the minor had a father living, and he was not made a party. The proceedings in the case of *Jackson* v. *Jackson,* were invalid because the minor did not appear by his next friend. If he had appeared by his next friend, with the father and mother joining in, the proceedings, we submit, would have been valid.

In our case the minor did appear by her next friend, who was also her husband, to stand by and represent her, no matter what may be the wishes or desires of her parents. The complainant having voluntarily come into court, and made herself a party in the first proceeding, cannot ask that the decree which she herself obtained be set aside, and she, we submit, is bound by. it, especially in the absence of fraud or collusion. *Gusdofer* v. *Gundy,* 72 Miss. 312; *Johns* v. *Harper,* 61 Miss. 142, 146.

If the case be free from fraud or collusion, an infant complainant is as much bound by a decree in his favor in the case of realty as of personalty etc. *Commander* v. *Brazil,* 88 Miss. 688.

We contend that under either section this proceeding is valid, but especially under section 544 and it makes no difference on which side the parent appears.

We respectfully submit that the decree should be reversed.

*Chapman & Johnson,* for appellee.

The only question before the trial court, and the only question presented here is whether the proceedings for the removal of the disabilities of minority of the appellee, Mattie Hardy Pepper, were invalid or not. The appellee,

at the time the petition for the removal of her disabilities of minority was filed, and at the time of the decree thereon, was a minor sixteen years of age. The petition was filed by her, by her husband as her next friend, and her father, W. L. Hardy, joined in the petition. The petition was *ex parte,* and none of the minor's kindred within the third degree, computed according to the civil law, were made parties, or united therein, or appeared at the hearing, although she had an uncle and other kindred within the third degree, computed according to the civil law, residing in the state of Mississippi, whose places of residence were known to the parties to said petition.

The cases of *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569 and *Jackson* v. *Jackson,* 105 Miss. 868, 63 So. 275, together contain an exhaustive review of the authorities, and are a complete exegesis of the questions involved. The learned chancellor, after a careful consideration of both of these cases, decided that the proceedings attempting to remove the disabilities of minority of the appellee were invalid.

The power of the chancery court to remove the disabilities of minority is not of equitable cognizance, but is a statutory power, not judicial in character, and the courts in acting under the statutes in this regard, are exercising not a general but a limited jurisdiction, and the requirements of the statute must be strictly complied with to give the proceedings validity. *Marks* v. *McElroy,* 67 Miss. 545, 7 So. 408. When a court is exercising its jurisdiction in the removal of a minor's disabilities, the record must show the necessary jurisdictional facts; where a decree is rendered by a court exercising a limited and statutory power, it devolves upon the one relying upon such decrees to show that the court had acquired jurisdiction. In this case it is stated that the husband and father of the minor are her two nearest relatives residing within this state, but the record does not show that all of her relatives within the third degree, computed according to the civil law, residing within this state, united in the application of the minor; but, on the contrary, it affirmatively appears that

she then had an uncle and other kindred within the third degree, computed according to the civil law, residing in this state, whose places of residence were known and that they did not unite in the application, and were not parties to it, and did not appear. If the decree rendered was void, it may be attacked directly or collaterally. *Marks* v. *McElroy, supra; Lester* v. *Miller,* 76 Miss. 309; *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569.

It is further argued by the appellants that while the proceedings for the removal of the disabilities of minority of the appellee may not have conformed strictly to the statutes in such cases made and provided, yet the provisions of the statutes were substantially complied with. That argument is right in the face of the pronouncements of this court in the Lake case, and in the Jackson case. The court can only follow strictly the plainly marked-out directions of the law and can dispense with no requirements of the statute. To say that the statutory requirements were substantially complied with is to invade the realm of conjecture and to ignore the plain and unambiguous language of the statute.

Unless the statutes for the removal of the disabilities of minority of this minor were strictly complied with, then the decree was null and void, and could be attacked anywhere and at any time. Appellants, relying on the decree for the removal of the disabilities of minority of the appellee, must show that the court had acquired jurisdiction under the law, inasmuch as the court was but exercising a limited, statutory power. At the time of the attempted removal of the disabilities of minority of the minor who is here suing, that is to say, in December, 1915, sections 544 and 545 of the Mississippi Code of 1906, were in effect. The proceedings were clearly not under section 544 of the Code, because there were no parties defendant to the petition, and process was not executed on any one as party defendant. The proceedings must have been under section 545 of the Code, because the petition was *ex*

*parte,* and section 545, provides what is to be done when
the application is *ex parte.*

If the minor has no kindred within the prescribed de-
gree, whose place of residence is known to him or his
next friend, or if all such kindred, known to him or his
co-petitioners, shall unite with him in his application, it
shall not be necessary to make any persons defendant there-
to, but the court shall proceed to investigate the merits of
such application and decree thereon as in other cases.

At the time of the filing of the petition for the removal
of the disabilities of said minor, as above stated, she had,
besides her father, an uncle and other kindred within the
third degree computed according to the civil law, re-
siding in the state of Mississippi, whose places of resi-
dence were known to the minor and her co-petitioners, and
none of whom united in the application, or appeared, or in
any way had anything to do with the proceedings. When
the proceedings are *ex parte,* and such kindred must unite
in the application for the court to have jurisdiction to
proceed to investigate the merits of the application and
decree thereon. In the case of *Jackson* v. *Jackson,* above
referred to, which is reported in 105 Miss. 868, 63 So. 275,
an *ex parte* petition was filed for the removal of the dis-
abilities of minority of the minor; no process was asked
for all of the next of kin within the third degree, and
none was issued; they did not join in the application, and
did not enter their appearance. Both the father and the
mother of the minor were parties to the petition. At page
875, the court says: "Neither can we reach the conclusion
that section 545 changes the situation, because this sec-
tion provides that in an *ex parte* proceeding (which this
probably was) all kindred within the third degree must be
made parties to, or join in, the application."

This is such a case as was contemplated in *Jackson* v.
*Jackson,* where the court stated that the interests of the
minor may not safely be left solely to the discretion of
his parents; the parent was the one who was endeavoring
to obtain and did obtain a deed to the minor's land and

other personal property. The petition was *ex parte,* and under the provisions of section 545 of the Code, it was a prerequisite to the jurisdiction of the court that all of the kindred within the third degree, computed according to the civil law, must unite in the application. This was not done.

The argument of counsel for appellant in the Jackson case contains good, hard, common sense; is sound, apt, and evidently impressed the court. The legislature recognizing the meaning and significance of sections 544 and 545 of the Code, and the interpretation placed thereon by this court, amended section 545 by chapter 123, of the Laws of Mississippi of 1918 (section 302 of Hemingway's Code, supplement of 1921), so that under this section as amended if any two of such kindred within the third degree, computed according to the civil law, known to the minor and his co-petitioners, shall unite with the minor in his application, it shall not be necessary to make any persons defendant thereto. Manifestly then prior to 1918, unless all of such kindred united in the application, the proceedings could not be *ex parte,* but, on the contrary the persons or some of them named in the preceding section, must be made parties defendant to the petition.

We respectfully submit that the decision of the chancellor was correct, and that the case should be affirmed.

SYKES, P. J., delivered the opinion of the court.

In her bill in the chancery court the appellee, Mrs. Pepper, prayed for the partiting of certain lands and that a deed executed by her to her father be declared void and set aside. A decree was rendered in her favor in the lower court, the deed was set aside and canceled, and commissioners appointed to partite the land. From which decree an appeal was granted to this court to settle the principles of the case.

The sole question presented is whether or not the deed made by the appellee to her father is invalid. At the time of the execution of the deed and now, the appellee is a

minor.  The appellee inherited a certain interest in lands from her mother.  In 1915 appellee by her next friend, G. S. Pepper, and her father, W. L. Hardy, sought by *ex parte* proceedings under section 545, Code of 1906, to have her disabilities of minority removed.  None of her kindred except her father, joined in this *ex parte* petition. Upon this petition a decree was entered removing her disabilities.  Thereafter she sold her interest in these lands to her father.

By this appeal we are called upon to construe sections 543, 544, and 545 of the Code of 1906, which sections were in force at the time of the removal of the disabilities of minority.  The power thus conferred "is not judicial in its character; it may be exercised by the legislature without the intervention of other authority, or committed to any officer or commission having no judicial authority.  The relief sought is private in its character, affecting no right of others; the privilege and the method of availing of it are created and defined by the statute, and the proceedings are valid only when in conformity to its regulations." *Marks* v. *McElroy,* 67 Miss. 545, 7 So. 408.

Under section 544 the minor by next friend could have made this application and her father could have been made the sole defendant.  Instead, however, of pursuing this method, an *ex parte* petition was filed under section 545. These two sections present two separate and distinct methods of removing the disability of minority.  The applicant may avail himself of either method, but the method selected must be strictly followed in order to make the proceedings valid.  Under section 545 in an *ex parte* proceeding it is necessary that all kindred within the third degree known to the minor or to his copetitioners shall unite in the application.  The father under the civil law is a kindred of the first degree.  In addition to his uniting in this *ex parte* petition, all of the other known kindred of this minor within the third degree should have united before the proceedings were valid.  There were kindred existing and known to the minor who were not joined.  In

discussing section 494 in the case of *Lake* v. *Perry,* 95 Miss. 550, on page 564, 49 So. 569, 571, it is said:

"The object of the statute plainly is to protect the minor from any injury that might accrue to him, either from an indiscreet application, or from having an irregular or void decree entered. It is simply one of the many safeguards which the law most wisely throws around minors as being incompetent to manage their own affairs. Manifestly parents are directed to be cited as the ones most proper so to protect the minor, and they are 'proper parties defendant,' referred to by the statutes, where they are, or either of them is, alive."

It is the contention of the appellants in this case that there was a substantial compliance with the statute, that since the father joined in the application there was no reason why he should have been made a defendant, and that all proper parties were before the court. It is true that under section 544 the father ould have been made the sole defendant. It will be noted that this section further provides that any relative or friend of a minor may appear and resist the application. This proceeding, however, was not under this section, but under section 545. In construing section 545 in following the express language of the statute this court has held that in this *ex parte* proceeding "all the kindred within the third degree must be made parties to or join in the application." *Jackson* v. *Jackson,* 105 Miss. 868, 63 So. 275, Ann. Cas. 1915D, 489. It will be noted that section 545 was amended by chapter 123, Laws of 1918, and it is now only necessary for two of such kindred to unite in the application.

Every contention made by the appellants in this case has been adversely decided to them in the cases of *Lake* v. *Perry* and *Jackson* v. *Jackson, supra.*

The lower court was correct in setting aside the deed, and the decree is affirmed and the cause remanded.

*Affirmed and remanded.*