MILHAM *et al. v.* HIGDON.

[95 South. 433. No. 22359.]

INFANTS. *All known kindred of minor within third degree must join in ex parte proceeding for removal of his disabilities.*

In an *ex parte* proceeding for the removal of the disabilities of a minor under section 545, Code of Mississippi (section 302, Hemingway's Code), all of the kindred within the third degree known to the minor must join in it; otherwise it is invalid.

APPEAL from chancery court of Marshall county.
HON. JAS. G. McGOWAN, Chancellor.

Suit by James J. Milham and others against W. C. Higdon. From a decree dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Wall Doxey,* for appellant.

Appellee's counsel, in their brief, in an effort to avoid the recent decision of this court in the case of *Hardy et al. v. Pepper,* in plain contradiction of the record in the case, now claim that the proceeding to remove the disability of minority of appellants was not an *ex parte* proceeding, and was not brought under section 545, Code 1906, but under section 544, and that said proceeding was both (1)

judicial and (2) administrative.   Both the form and sub-stance of the proceeding is *ex parte*.   This appeal and this proceeding presents the same and identical principle decided by this honorable court in the recent case of *Herbert Hardy, et al. v. Mrs. Mattie Harty Pepper*, No. 22,224.

*Lester G. Fant* and *L. A. Smith*, for appellee.

The scheme relating to the removal of the disabilities of minority is complete in sections 543 to 547, inclusive, of the Code of 1906.   Section 543 is headed: "Removal of Disabilities of Minority;" section 544 is headed: "Same," with a sub-head, and so on through all the statutes on the subject.   There can be but one significance attached to them and that is, the statutes are a part of one scheme and are all kindred, and to be construed together harmoniously and conjunctively, not disjunctively.   These statutes all appear as chapter 10, under the heading "jurisdiction" of the chancery court, in the Code of 1880, section 1838, *et seq.* Our court has always heretofore followed this rule of statutory construction.   *Scott* v. *Scarles*, 5 S. & M. 25; *White* v. *Johnson*, 23 Miss. 68; *Eskridge* v. *McGruder*, 45 Miss. 294; *Clements* v. *Anderson*, 49 Miss. 581; *Dickson* v. *Doe*, 1 S. & M. 70; *Board of Education* v. *Mobile*, 72 Miss. 236.

Under the last quoted section, our court has specifically held that if the evident purpose of the statute is effectuated, it does not matter that the literal interpretation is departed from.   This petition was filed as stated, under section 544, which expressly provides that no next of kindred shall be allowed as formal parties if there be a living parent.   It makes parents *sui generis* and one alive is sufficient.   Section 544 and section 545 are companion statutes and must be construed together.   They are dependent on each other for construction, as a careful perusal will reveal.   Section 545 refers to section 544 by the phrase: "Such kindred," and section 544 classifies the kindred intended as the parent, or the nearest kin within the third

degree. But section 544 also provides that the nearest kin are ineligible to the record if there be a living parent. There was a living parent, the mother. Then there was no necessity of any of the next of kin beyond the living parent being joined. Section 545 is plainly a continuation of section 544, beginning by stating if the minor has no kin within the prescribed degree. This statement of fact would be impossible when the minor has a living parent, as in the case in the present cause, so that we are bound, if we reach an intelligent construction of section 545 to read into it the provision in section 544 that where there is a living parent there is no necessity for the other next of kin beyond the living parent to be joined. *Lake* v. *Perry,* 95 Miss. 550.

The best definition of a defendant is one who has a right to defend. A parent who has a right to defend may waive it, and adopt the view that the relief sought is salutary, and indicate that he does so by signing the original petition, thereby saving court costs, and aiding the court in its consideration of the application, provided there is also a next friend. That statute does not make it compulsory for the parent to defend and section 546 provides that when all proper persons are parties the application may be heard.

This is the reasoning on which the case of *Jackson* 7. *Jackson,* is grounded and is absolutely correct law. But in the case at bar the minors sued by their next friend and the other necessary party, the living parent, their mother and co-defendant in the compromised litigation, were "before the court" as provided by section 546, and instead of availing herself of the personal privilege of contesting the application deemed it a wise one, procured a valuable compromise for the minors, saved them expense, and the court difficulty by waiving a contest which she signified by the immemorial way of joining in and adopting the representations of the next friend.

In *Lake* v. *Perry,* Judge WHITFIELD expressly holds: "Where a parent is living, that the parent is the only necessary party to the suit except the minor by his next friend."

Then the case at bar comes clearly within the jurisdiction of the chancellor because there was a living parent; she was a party to the suit just as effectually by joining in and approving the application as if she had done so by an answer formally drawn and filed to the same effect.

SYKES, P. J., delivered the opinion of the court.

The appellants in their bill ask that they be decreed to be tenants in common with appellee of certain lands therein described and that the lands be sold for a division of the proceeds among the owners. They allege that certain proceedings in court whereby their minority was attempted to be removed in order that they might sell their interests in these lands to appellee were void, and that the deed signed by them authorized by these proceedings was void and a nullity, and they ask the court to hold same for naught and cancel it.

The answer denies that these proceedings removing the disabilities of the minors and that the deed executed by them in accordance therewith were void. It also states that this proceeding was had in order to effect a compromise between these appellants, the appellee, and the mother of appellants of a suit pending in court relating to the title to these lands, and that, when the minors had signed this deed with their mother, the original bill in the other case was by leave of court dismissed without prejudice.

The petition for the removal of the minority of these appellants was an *ex parte* petition instituted by their mother, individually, and also as mother and next friend of these minors under section 545, Code of 1906, section 302, Hemingway's Code. These proceedings were had in 1911. None of the kindred of the minors, except their mother, joined in this *ex parte* petition. The question here presented is identical with that decided in the case of *Hardy* v. *Pepper,* 128 Miss. 27, 90 So. 181. Unless this decision is to be overruled, these proceedings are void. In the *Hardy Case* a very elaborate suggestion of error was filed which received

the most careful consideration of the court and which was overruled. We think the decision in that case is sound for the reasons therein stated. It follows under that decision that this *ex parte* proceeding was void

The original bill in which this appellee was complainant involving title to these lands was dismissed without prejudice. No decree in that case was entered adjudicating title to these lands. That dismissal in no way adjudicated any rights against these appellants nor estopped them from asserting their title in this case. It in no way adjudicated any right between complainant and the defendants in that case.

In this case the learned chancellor upon pleadings and proof dismissed the bill. In this he was in error. The appellants are either entitled to have the land partited in kind or to a sale of it. The decree is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

*Reversed and remanded.*