lant should have been permitted to amend his petition as requested. He should also have been permitted to prove that the appellee was attempting to perform the duties of this office at Clarksdale, in the Second judicial district of the county. While this proof could have been made without the amendment, it is perhaps better practice for the petition to allege this fact. The court erred in sustaining the motion to dismiss.

*Reversed and remanded.*

---

Bᴀᴢᴏʀ *v.* J. J. Nᴇᴡᴍᴀɴ Lᴜ̈ᴍʙᴇʀ Co.

(Division B. Oct. 29, 1923. Suggestion of Error Overruled Nov. 26, 1923.)
[97 So. 761. No. 23582.]

ɪɴꜰᴀɴᴛs. *Ex parte petition for removal of disabilities, signed by minor through father and mother as next friends, held sufficient.*

An *ex parte* petition for the removal of the disabilities of a minor, filed by the minor through his father and mother as next friends, meets the requirements of chapter 123, Laws of 1918, providing that if any two of the nearest of kin within the third degree, known to the minor or his copetitioners, shall unite with the minor in his application, it shall not be necessary to make any person defendant thereto.

Aᴘᴘᴇᴀʟ from circuit court of Lamar county.

Hoɴ. J. Q. Lᴀɴɢsᴛoɴ, Judge.

Action by Estus Bazor against the J. J. Newman Lumber Company. From a judgment sustaining demurrers to declarations and dismissing the cause, plaintiff appeals. Affirmed.

*R. N. Miller, L. F. Hendrick,* and *W. L. Cranford,* for appellant.

The two pleas of appellee replied to set up the fact that Estus Bazor, together with his father and mother,

J. W. Bazor and Margaret Bazor, as his next friends, on
the —— day of January, 1920, filed an *ex parte* petition
in vacation in the chancery court of Covington county,
by which he was emancipated by decree of said court. Our
replications averred that the chancery court of Coving-
ton county got no jurisdiction of said suit to remove ap-
pellant's disabilities, because two of the next of kin with-
in the third degree did not join therein, and that he had
a number of brothers and sisters, none of whom joined
in said petition. Our contention is that two of his near-
est of kin *and* his next friend must join with him in pe-
tition. Naming his father and mother as next friends is
not enough. In other words a next friend is necessary
for him to sue at all and the statutes which this court has
strictly construed, requires two of his nearest of kin to
join. This was exactly what was held in the *Jackson*
v. *Jackson Case,* 105 Miss. 868, on pages 874 and 875; ex-
cept in the Jackson case it was held that *all* the kin with-
in the third degree known to the minor must join in the
petition in an *ex parte* proceeding, because the case was
decided before chapter 123 of the Laws of 1918 was
passed. Now if we consider the father his next friend
to enable him to sue, then his mother was the only kin who
joined him. The statute (section 545) and as amended by
chapter 123 of the Laws of 1918, must join him, one, his
next friend to enable him to sue, and two of his nearest
of kin, are all made necessary parties by the statutes to
guard his interests. This precise question is decided in
favor of our contention by the following cases: *Jackson*
v. *Jackson,* 105 Miss. 868, 63 So. 275, Notes to said case,
Annotated Cases 1915 D 490; *Hardy et al.* v. *Pepper,* 128
Miss. 27; *Milham et al.* v. *Higdon,* 95 So. 433, and the
cases cited by these authorities.

*Tally & Mayson* and *H. Cassedy Holden,* for appellee.

Under the law as it existed prior to the enactment, of
chapter 123 (page 122, Acts of 1918), the contention of

appellant, would manifestly be sound, since the case of *Jackson* v. *Jackson,* 105 Miss. 868, 63 So. 275,. was based on section 545, Code of 1906. The construction placed upon section 545, Code of 1906, in the Jackson case, was no doubt responsible for the amendment of the law, as found in the Act of 1918.

The cases of *Milham et al.* v. *Higdon,* 131 Miss. 260, 95 So. 433, and *Hardy et al.* v. *Pepper,* 128 Miss. 23, 90 So. 181, cited by a counsel are decisions on section 545, Code of 1906, before enactment of chapter 123, Acts of 1918, and are not authorities in the instant case.

We insist that the application, to remove the disability of minority, on the part of the father and mother, as authorized by chapter 123, Acts of 1918, should have been granted, and that the decree removing the disabilities of minority of their son is authorized by that statute, that no other person need be made a party to the proceedings at all.

The legislature evidently thought, if a minor's father and mother desired the disability of the minor removed, then, it was a matter that did not concern any one else. However, this court has expressly decided in the case of *Hardy* v. *Pepper,* 128 Miss. 27, 90 So. 981, that the proceeding had in the instant case was perfectly valid. Says the court: "It will be noted that section 545 was amended by chapter 123, Laws of 1918, and it is now only necessary for two of such kindred to unite in the application."

It is respectfully submitted that the petition for the removal of the disability of minority filed in the chancery court of Covington county, conferred jurisdiction upon that court, and the decree thereon is a valid judgment. This proceeding was under the provisions of section 302, Hemingway's Code, as amended by chapter 123, Laws of 1918, and was regular and lawful in every respect. This statute does not require the petition to be filed by next friend as in the case of section 301, Hemingway's Code. But, if it does so require, then its require-

ment was met by naming the mother and father the next friends of the minor.

The decree removing the disability of minority being valid, the release executed by the appellee was valid, and the demurrer was properly sustained by the lower court.

COOK, J., delivered the opinion of the court.

The appellant filed a declaration in the circuit court of Lamar county, alleging personal injuries and seeking to recover damages therefor in the sum of two thousand five hundred dollars. The appellee, defendant in the court below, filed two special pleas, averring that at the time of the alleged injury the appellant was a minor; that, acting through his father, J. W. Bazor, and his mother, Margaret Bazor, as next friends, he filed a petition in the chancery court of Covington county in which he set forth the fact of the injury sustained by him; that the appellee denied liability for such injury, but had offered to pay him an agreed sum to avoid litigation; that he had conferred with counsel and friends, and upon their advice represented that it would be to his best interest to compromise and settle any claim which he had against appellee on account of said injuries; that in order to make such settlement it was necessary for his disabilities of minority to be removed to the extent of enabling him to make the settlement and, for the consideration named, to execute a valid and binding release in favor of appellee from all liability to him on account of said accident and resulting injuries, and praying that his disability of minority be removed for the purpose and to the extent stated. These pleas further averred that on the 24th day of January, 1920, the prayer of this petition was granted and a decree was entered removing the disability of minority of the said minor to the extent and for the purpose prayed for in the petition; that on the 11th day of February, 1920, pursuant to the authority conferred upon appellant by the

decree removing his disability of minority the appellee paid to the appellant the sum of seven hundred and twenty-five dollars in full and complete satisfaction and release from any and all damages sustained by him by reason of the alleged injury; that the appellant accepted said sum in full and complete settlement and satisfaction of such damages sustained by him, and thereupon executed and delivered to appellee a full release in writing, a copy of which was filed as an exhibit to and as a part of the plea.

To these pleas the appellant filed replications, averring that the chancery court did not acquire jurisdiction in the proceedings to remove appellee's disabilities of minority, and that its decree was void because two of his nearest of kin within the third degree did not join in said petition as individuals, and no process was issued for said nearest of kin. The appellant filed demurrers to these replications, and these demurrers were sustained and extended to the declaration, and the cause dismissed, and from this judgment this appeal is prosecuted.

The only question presented for decision by this record is whether the chancery court had jurisdiction to remove the disability of minority of appellee upon an *ex parte* petition presented by the minor through his father and mother as next friends. It is the contention of the appellant that the petition must be presented by the minor by his next friend, and that in addition two others of his nearest of kin must join in the petition, or, in other words, that the father or mother cannot act in the dual capacity of next friend and nearest of kin, and in support of this contention he relies upon the cases of *Jackson* v. *Jackson,* 105 Miss. 868, 63 So. 275, Ann. Cas. 1915D, 489; *Hardy* v. *Pepper,* 128 Miss. 27, 90 So. 181; and *Milham* v. *Higdon,* 131 Miss. 260, 95 So. 433. In these cases the court had under consideration section 545, Code of 1906 (section 302, Hemingway's Code) and it was held, as expressly provided by this section, that in an *ex parte* proceeding all the kindred within the third degree must be made par-

ties to or join in the application.   However, the require-
ment of this section that all the kindred within the third
degree must be joined in the application was materially
changed by an amendment thereto found in chapter 123,
Laws of 1918; the section as amended providing that—
"If any two of such kindred known to [the minor] or
his copetitioners shall unite with him in his application,
it shall not be necessary to make any person defendant
thereto."

While it is true that in the present case the father and
mother of the minor are joined in the petition as next
friends, they are likewise the two nearest of kin, who by
nature should be most interested in the welfare of the
minor, and they are as effectively parties to the petition
as if named therein as nearest of kin.   We know of no
reason why they cannot be joined in the dual capacity,
and, since the statute as amended only requires that two
of the nearest of kin shall unite with the minor in his ap-
plication, we think the petition in this case was sufficient
to confer jurisdiction on the chancery court, and that the
decree entered thereon is valid.

The judgment of the court below will therefore be af-
firmed.

*Affirmed.*