WILSON *et al.* v. MCCORKLE.

(Division. B. March 10, 1924.)

[99 So. 366. No. 23698.]

INFANTS. *Decree on petition for removal of disabilities, falsely stating that all known kindred within third degree joined, is void.*

In an *ex parte* proceeding for the removal of the disabilities of a minor under section 545, Code of 1906, all the kindred within the third degree known to the minors or to his copetitioners must

unite in the application, and a false averment of this necessary jurisdictional fact, knowingly made, constitutes such legal or constructive fraud as renders a decree based upon such false petition void.

APPEAL from chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Suit by Fuller Fox Wilson and others against George McCorkle. From a decree dismissing the bill of complaint, plaintiffs appeal. Reversed and remanded.

*Quinn & Cooper,* for appellants.

I.    The issue in the pleadings was whether or not there were known to the petitioners on November 25, 1912, the time the petition was presented, kindred within the third degree who did not join in the petition for the removal of the disabilities of minority; and if so, whether or not the obtaining of a decree under the conditions named constituted such real and constructive fraud so as to nullify the action and make it null and void.

The proof is overwhelming and conclusive that there were nearly a score of relatives known to the petitioners. The attorneys for appellee contended in the lower court that while this fact is true, still, there was no fraud practiced on the court in obtaining the decree, because the mere recital of a fact which was not true in the petition did not make it fraudulent, even though false when made, and known to be false. Further argument was made by them that the recital in the decree that all of the kindred within the third degree had joined, was conclusive, and therefore not subject to collateral attack.

Section 545 of the Mississippi Code for 1906, was the law at the time this attempted proceeding was had, and under which the petitioners were acting. The law in this case is so patent that we hesitate to burden this record or the patience of this court in quoting from the decisions. This case is controlled by the principles announced in *Hardy* v. *Pepper,* 90 So. 181. See, also, *Mil-*

*ham et al.* v. *Higdon,* 95 So. 433; *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569; *Jackson* v. *Jackson,* 105 Miss. 869, 63 So. 275; Ann. Cas. 1915D, 489; *Marks Rothenberg & Company* v. *Maggie McElroy,* 67 Miss. 545, 7 So. 408.

The court in all, or nearly all, of the cases on record recognizes that a decree of a chancellor, rendered on an *ex parte* petition in vacation, when the court failed to obtain jurisdiction, is null and void; and being null and void, can be attacked anywhere, regardless of its recitals. Under this recognized rule, the appellants were under no necessity of showing actual or constructive fraud in procuring the decree.

II. Decree Obtained by Fraud. It is elementary that if attorneys or litigants lead a court into the belief that it has jurisdiction of parties and subject-matter, when, as a matter of fact, it does not have such jurisdiction, and the facts which are represented to the court are known by the parties to be false, these representations constitute legal or constructive fraud, if not actual fraud. It is immaterial in this case whether the fraud be actual, legal or constructive, because the results would have been the same in either event. *Lane & Standley* v. *Wheless,* 46 Miss. 666. See, also, *McComb* v. *Doe,* 8 Smedes & Marshall, 505; 30 Century Digest, "Judgments," 919; 23 Cyc. 1070.

It is immaterial whether this case be considered a direct or a collateral attack on the order, because the authorities are uniform everywhere that an order may be attacked for fraud anywhere at any time, directly or collaterally, and no decision referred to or hinted at in the brief for appellant decided that an order of any court cannot be collaterally attacked for fraud. *Brown* v. *Wesson,* 114 Miss. 232, 74 So. 831. See, also, *Plumer* v. *Plumer,* 37 Miss. 185; *Simpson County* v. *Buckley,* 81 Miss. 481; *McNeer & Dodd* v. *Norfleet,* 113 Miss. 629, 74 So. 577; *Smith* v. *State,* 107 Miss. 496, 63 So. 564.

*Franklin & Easterling,* for appellee.

There is a difference between the instant case and any of the cases cited. In *Lake* v. *Perry,* the father, the necessary party to the proceedings was omitted and of course the proceedings were held null and void. In *Jackson* v. *Jackson,* the minors were in court and their parents were in court, but there was no next friend as provided by the statute and that proceeding was held null and void. In *Hardy* v. *Pepper,* the minor was represented by her husband as next friend and her father joined in, but there was no other next of kin. In the Milham case there was an *ex parte* proceeding instituted by the mother individually and also by the mother as next friend for the minor. So it can be seen that in the Milham case the proceedings were defective because there was no next friend as required in the Jackson case and there was no joinder of the kindred of the minors.

There was not a single one of the cases cited by counsel for appellant where the proceedings conformed or attempted to conform to section 545. But in the instant case the court will observe that the petition is strictly and squarely within the provisions of section 545 of the Code of 1906. I will not pause to quote the statute, but as literally construed, the statute is followed in every particular.

So we have a proceeding that is strictly regular upon its face and such a proceeding that on its face conferred jurisdiction under the statute to entertain the petition and hear and determine the cause and grant a decree thereon. That court had jurisdiction of the subject-matter and of the parties. Section 543 of the Code of 1906, provides that the chancery court of the county in which the minor resides may remove the disability of his minority. Sections 544, 545, 546 and 547, prescribe the ways in which this jurisdiction may be exercised and the relief that may be granted. We will remark in passing that if two of the next of kin within the third degree

in case the parents of the minor are dead were considered sufficient to protect the interest of the minor, we cannot see why a like number should not protect his interest in an *ex parte* petition, but we will not stress that point here for the reason that this court in the cases cited by counsel and mentioned above has indicated that all of the next of kin within the third degree known to the petitioners or co-petitioners must be joined.

The entire proceeding removing the disability of minority of appellants is perfectly regular upon its face. In order to demolish it or strike it down appellant's aver in their bill filed eight years thereafter that the next of kin joined therein were not all of the next of kin known at the time to the minors or their co-petitioners and that the decree was secured through collusion and fraud on the part of the co-petitioners and the appellee, George C. McCorkle, but the chancellor has found that there was no fraud or collusion either actual or constructive, and his finding is amply sustained by the entire record. So, therefore, the question here resolves itself into this. Can this proceeding in the chancery court of Bolivar county be annulled in a collateral proceeding such as the instant case, hereby showing that there were other next of kin who did not join in? We say they cannot.

We say that any decree is subject to attack for fraud and collusion, but the evidence in this case fails to show fraud or collusion and the chancellor has so found. We submit that if you could set aside any decree of a court of competent jurisdiction by showing that the evidence presented to the court by witnesses was untrue, that there would be no stability to decrees. In the same proceeding one court would find that a certain statement of facts was true and a different court in a different proceeding involving the same question between the same parties would hold that the witness who swore in the first court did not swear truthfully but did so swear in the second case and so on indefinitely. No question would ever be settled by any decree. All you would have to do would

be to show that any evidence upon which the court or the chancellor bases a decree was untrue. Now we submit that that is just the proceeding that is sought to be conducted here.

We submit that the question in this case is not whether the chancery court of Bolivar county actually had jurisdiction of the cause in fact and ultimate truth, but whether or not the question of jurisdiction was determined by that court for itself. If it was, even though the court decided wrongfully, it would still have jurisdiction for it would have jurisdiction to commit error. As an illustration, the law provides that in order for the chancery court to have jurisdiction in a divorce suit one of the parties must have actually resided in that state for twelve months preceding the bringing of said suit. Now suppose one of the parties raised the defense that the court did not have jurisdiction because one of the parties had not resided in the state for said time and evidence would be submitted on that point and the court would find that it did have jurisdiction, that judgment would be final and conclusive, even though as a matter of fact on the evidence submitted, the chancellor had found contrary to the true facts of the case.

The court would have had jurisdiction of the cause to have committed error. Of course upon appeal or in a direct attack upon the judgment of the court in some method allowed by law, this could be remedied, but still not in a collateral attack. To our mind this distinction is fundamental and the case now before the court is easily distinguished and distinguishable from any and all of the cases cited by appellant. We dare say that in every one of the cases cited there was a showing on the face of the record that the court had no jurisdiction and did not adjudicate that it did have jurisdiction for when the court actually adjudicates upon the question of its own jurisdiction and decides that it has jurisdiction, then it has such jurisdiction and such judgment is binding and conclusive and cannot be collaterally assailed by show-

ing that the facts upon which that finding was based did not support such finding.

In case of removing the disability of minority, in adoption proceedings and the like, the chancery court in pursuing statutory authority acts as a court of limited jurisdiction. That is, nothing is presumed on collateral attack in favor of such court, but its record must show on its face that it had jurisdiction. *Adams* v. *First National Bank,* 10 Miss. 742, 60 So. 770. The distinction between courts of general and special powers is well stated in 15 R. C. L., page 883. See *Cooper* v. *Sunderland,* 66 A. D. 52.

The chancery court of Bolivar county in the disability proceedings is deemed to have jurisdiction to determine its own jurisdiction and, even if erroneous, is binding upon the parties and that if in fact the finding of the court was based on evidence untrue in fact, a relitigation of that question on the merits will not be permitted to determine whether the court correctly found the facts on which its jurisdiction was based or not, and we say it makes no difference if the court misjudged the facts. We say that if the court had not recited expressly that he found as a fact that those joining as next of kin were in truth and in fact all of the next of kin within the third degree of said minors residing in the state, under the authorities cited, the same would have been presumed, but the chancellor did not leave it open to presumption but expressly found the particular facts upon which his jurisdiction rested and having entertained the question of jurisdiction *vel non* and having judicially determined the same, it is conclusive of the facts therein found and cannot be assailed collaterally in another court except for fraud, and we take it that the question of fraud is eliminated from this case by the express finding of the chancellor in the court below upon all the evidence. 23 Cyc. 1073. The true rule is laid down as to the right to impeach the finding of a court upon questions affecting a court's own jurisdiction in 23 Cyc. 1088.

In connection with the foregoing, we desire to call the court's attention to the case of *Cason* v. *Cason,* 31 Miss. 578, which was quoted from and approved in *Cannon* v. *Cooper,* 39 Miss. 784. See, also, *Vorhees* v. *Bank of the United States,* 10 Peters, 472-473; *Root* v. *McFerrin,* 37 Miss. 17; *Scott* v. *Porter,* 44 Miss. 364; 23 Cyc. 1090, and cases cited; *Harvey* v. *Miles,* 1 M. D. 135.

*Quinn & Cooper,* for appellants, in reply.

We have a bald case of a man who some years before bought the interests of a widow for a small sum; and years later, finding that three minors owned a three-eighths interest in the property, proceeded, himself, to employ an attorney and to pay this attorney to get the title out of the minors—not to purchase the title, but to get the title out of them. The petition on which the decree was based shows on its face that nothing was to be paid to the minors, and no claim is made that the minors were ever paid anything for the property, unless the payment of three hundred seventy-five dollars to the mother eight or ten years before this proceeding was in part payment to the minors. The payment of the consideration, however adequate, would not help to make valid the void proceedings.

We plant ourselves on what we believe to be the firm foundation that the decree obtained in November, 1912, purporting to remove the disabilities of minority was void, because it was an *ex parte* proceeding, and all of the kindred within the third degree, according to civil law, known to the minors or their co-petitioners did not unite in the application. This is in harmony with the earliest and latest decisions of our court.

The appellee fights shy of the *Hardy-Pepper case* and the *Milham* v. *Higdon case* and all of the earlier cases—in fact, he passes without notice the opinion of Judge ANDERSON in the first appearance of this case. In a recent case in which no opinion was rendered (*Steven-*

*son* v. *Moorhead,* 95 So. 645, No. 23016), the appellants argued every proposition which the appellee here argues, with reference to attacks on decrees.

This court in that case held that the collateral attack on the order of the court was good and that the order was void.

Argued orally by *Forrest Cooper,* for appellants, and *Earl N. Floyd,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Sunflower county dismissing a bill of complaint. The appellants, Fuller Fox Wilson and his two minor brothers, filed a bill of complaint averring, in substance that, as heirs at law of their father, T. J. Wilson, deceased, they were the owners of a three-eighths interest in certain land therein described; that on the 25th day of November, 1912, the mother, three named uncles, and one cousin of appellants, by collusion with the defendant, George C. McCorkle, and with intent to defraud the appellants out of their interest in said land, filed an ex parte petition in the chancery court of Bolivar county, seeking to have the disabilities of minority of the appellants partially removed so as to enable them to convey their interest in said land to the defendant; that in said petition it was alleged, among other things, that petitioners were the only kindred of the appellants within the third degree computed according to the civil law, whose residence was known to appellants or to the petitioners; that this averment was false and known to be false by each of the petitioners at the time said petition was filed by them; that at the time the petition was filed, in addition to the kindred joining therein, the appellants had a large number of other kindred within the third degree computed according to the civil law, whose place of residence was known to appellants and to petitioners, the names and post office addresses of these

kindred being given; that the decree of the chancery court of Bolivar county purporting to remove the disabilities of minority of appellants is null and void because it was obtained by fraudulent and false representations in the petition, and because the provisions of section 544 of the Code of 1906 under which the petition was filed were not complied with, and consequently the court which rendered the decree did not have jurisdiction of the subject-matter or of the parties; that the deed executed by the appellants to the defendant in pursuance of the authority attempted to be conferred by this void proceeding is null and void, but since it had been placed of record it cast a doubt, cloud, and suspicion on the title of appellants to their undivided interest in said land. The bill then prayed for a cancellation of this deed, and for an accounting and a personal decree for the appellants' *pro rata* share of the rents, issues, and profits arising out of said land since the defendant had been in possession thereof, and for a partition of the land.

The defendant demurred to the bill of complaint, and, the demurrer having been sustained, an appeal was prosecuted to this court, where the decree of the court below was reversed and the cause remanded with leave to answer; the opinion on the former appeal appearing in 91 So. 469. Thereafter the defendant filed his answer denying the allegations of the bill, and on the final hearing a decree was entered dismissing the bill of complaint.

The petition for the removal of the disability of minority of these minors contained the averment that the next of kin joining therein were all of their next of kin within the third degree, computed according to the civil law, whose place of residence was known to the petitioners, while the decree based upon this petition expressly found that the petitioners were in fact all of such kindred. However, on the hearing of the case at bar testimony was offered which conclusively established the falsity of this averment of the petition and recital in the decree.

The then minors testified that they had numerous other kindred within the prescribed degree whose places of residence were known to them at the time the petition was filed in 1912, giving the names and places of residence of such kindred; that prior to 1912 they had visited in the homes of some of these kindred, while some of them had visited in the home of their mother, and that the places of residence of these relatives were well known to them and to their mother. James Wilson, their first cousin, who joined in the petition as next friend of the minors, testified that there were numerous kindred within the prescribed degree, whose places of residence were known to him, who did not join in the petition, the names and places of residence of these kindred in 1912 being stated by him. M. A. Wilson and W. F. Wilson, uncles of the minors, who joined in the petition, testified that the minors had numerous other kindred within the prescribed degree whose names and places of residence were known to the petitioners in the year 1912, when they signed the petition, some of these kindred who failed to join in the petition being uncles and aunts of the minors and brothers and sisters of the witnesses. They further testified that some of their brothers and sisters resided in the same community or county with them, and received their mail from the same post office as did these witnesses, while the others resided in adjoining or nearby counties, the places of residence of all of them, however, being well known to these petitioners at the time the petition was filed in the year 1912.

While the chancellor held that there was no fraud in the filing of the petition for the removal of the disabilities of minority of the minors, we do not understand that he found as a fact that all of the next of kin within the prescribed degree, whose places of residence were known to the petitioners, joined in the petition. If such had been the finding of the chancellor, it could not be upheld, since the evidence conclusively establishes the contrary. The contention is made that the chancellor

was warranted in accepting as true the averments of the sworn petition of 1912, rather than the contrary testimony of the petitioners as given on the trial of this cause. We do not think so. The evidence establishes beyond all controversy that there were uncles and aunts of the minors living in 1912, some of whom lived in the same community with some of the petitioners. That any of the petitioners were ignorant of the names and places of residence of their own brothers and sisters who resided in the same community with them is contrary to all human experience, and the testimony of the two uncles of the minors that, when they signed the petition in 1912, they knew the places of residence of their brothers and sisters who resided in the same county, as well as those residing in adjoining or nearby counties, must be accepted as true. In addition we have the testimony of the three minors that they knew the places of residence of other kindred who did not join in the petition, and altogether the testimony conclusively establishes that the averment in the petition of 1912 of this necessary jurisdictional fact, upon the truth of which the chancellor then assumed jurisdiction, was false in fact.

In the case of *Hardy* v. *Pepper,* 128 Miss. 27, 90 So. 181, it was held that—"Under section 545 [Code of 1906] in an *ex parte* proceeding it is necessary that all kindred within the third degree known to the minor or to his copetitioners shall unite in the application."

The joining of all such kindred is therefore necessary to confer jurisdiction on the chancellor under this section, and since the chancellor was induced to assume jurisdiction by the false averments of a petition, known to the petitioners to be false when filed, we think this at least constituted legal or constructive fraud on the jurisdiction of the court. From the false averments of the petition on that point, it would appear that the petitioners understood that all the kindred within the third degree known to the minors or their copetitioners must unite in the application in order to confer jurisdiction on

the chancellor, and that this false averment was made for the purpose of misleading or deceiving the chancellor, but, whatsoever may have been the purpose, this false averment of a necessary jurisdictional fact, knowingly made, constituted such legal or constructible fraud as rendered the decree based upon this false petition absolutely null and void.

The decree purporting to remove the disability of minority of these minors being void, they are entitled to have a proper accounting, and a partition of the land in controversy, and the decree of the court below will therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*