MARKS, ROTHENBERG & CO. v. MAGGIE McELROY.

1. JURISDICTION. *Presumption. Exercise of special statutory power.*
    In exercising special statutory powers, conferred in derogation of the com
    mon law, and proceeding under the statute, a court (though of record)
    is to be considered as of limited jurisdiction, and is not to be presumed
    to have jurisdiction other than is shown to exist.

2. SAME. *Chancery court. Removing disability of minority. Jurisdiction not presumed.*
    On the trial of a suit where infancy is pleaded, a decree purporting to re-
    move the defendant's disabilities of minority before the debt was con-
    tracted, is not admissible in evidence unless it is shown that the chancery
    court acquired jurisdiction to render it. No presumption of jurisdiction
    arises from the mere fact that the decree was rendered.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Action on an open account for goods sold, by Marks, Rothenberg
& Co. against Maggie McElroy (formerly Roberts). It was shown
that the defendant was a minor at the time the debt was contracted.
Witnesses testified to the correctness of the account, and that defen-
dant, while a minor, promised to pay it. There was no direct
evidence of the value of the goods, or that they were necessaries.
The controlling question in the case arose on the action of the court
in excluding from evidence a decree of the chancery court of Hinds
county, purporting to remove the defendant's disabilities of minority
prior to the purchase of the goods. Verdict and judgment for de-
fendant. After motion for new trial overruled, plaintiffs appealed.

The opinion of the court contains a further statement of the
case.

*R. F. Cochran,* for appellants.

1. We shall only insist on the error in excluding from evidence
the decree removing appellee's disabilities of minority. The chan-
cery court, as a court of record and general jurisdiction, had original
jurisdiction to make this decree. The constitution conferred on it
this power. See art. 6, § 16.

2. Decrees of courts of general jurisdiction are presumed to be
valid, unless the contrary affirmatively appears. *Cason* v. *Cason,*

31 Miss. 578; *Duncan* v. *McNeill,* Ib. 704; *Voorhees* v. *Bank,* 10 Pet. 472.

And they cannot be collaterally impeached. *Cannon* v. *Cooper,* 39 Miss. 784; *Cocks* v. *Simmons,* 57 Ib. 183; *Hughes* v. *Cummings,* 2 Pac. Rep. 928; *Wixson* v. *Devine,* 7 Ib. 776; 16 N. W. R. 548; 33 Ib. 613; 39 Ib. 418; *Frankfurth* v. *Anderson,* 61 Wis. 107; *Galpin* v. *Page,* 18 Wall. 366; *Kipp* v. *Collins,* 33 Minn. 397. It must be presumed that the court rendered its decree after acquiring jurisdiction. See authorities above; also *Bank* v. *Ault,* 1 N. E. R. 562.

The fact that the defendant was an infant does not affect the estoppel of the decree. *Hanna* v. *Spotts's Heirs,* 43 Am. Dec. 132.

3. Independent of the above considerations, defendant should not have been allowed to assail the validity of the decree under her rejoinder, wherein she denied the *existence* of the decree. In relying upon want of service or other defects, she should have averred the facts, in order that plaintiffs could have an opportunity to meet the issue. *Cassady* v. *Miller,* 5 N. E. R. 713.

*Witherspoon & Witherspoon,* for appellees.

The chancery court has no original jurisdiction in the matter of removing disabilities of minority. The jurisdiction to grant the decree in question is conferred by statute, and is special and limited, its exercise being dependent upon certain facts, the existence of which must appear on the face of the record. Notice, residence in Hinds county and other jurisdictional facts were necessary to be shown in the case. As none of these appear, the decree was properly excluded from evidence. *Winston* v. *Miller,* 12 S. & M. 552; *Saffarans* v. *Terry,* Ib. 690; *Edwards* v. *Toomer,* 14 Ib. 78; *Claughton* v. *Black,* 24 Miss. 185; *Root* v. *McFerrin,* 37 Ib. 17. See also George's Dig., p. 436, § 2; Ib., p. 616, § 46, and cases there cited.

COOPER, J., delivered the opinion of the court.

Appellant sued Mrs. McElroy to recover on an account for goods sold to her before her marriage. She pleaded infancy, to which the plaintiff replied, that before the purchase by her of the goods, for

the price of which suit was brought, her disabilities, infancy, had been removed by a decree of the chancery court of Hinds county. To this the defendant rejoined by a general denial.

On the trial the plaintiffs offered in evidence the decree alone of the chancery court, to which the defendant objected, because it was not shown by said decree or otherwise that the chancery court of Hinds county had acquired jurisdiction of defendant to make said decree. The objection was sustained, and the decree excluded. The assignment of error raises no other question than the action of the court in this ruling.

The evidence was properly excluded. The rules of presumption which are applied in reference to judgments or decrees of courts brought collaterally into review are: 1. Where a court of general jurisdiction (a court of record), acting within the scope of its ordinary power, renders judgments or decrees, such judgments or decrees will be presumed to be in accordance with its jurisdiction. 2. Courts of limited jurisdiction (courts not of record) are presumed to have no jurisdiction other than that shown to exist. 3. Courts of record, exercising special powers conferred by statute in derogation of the common law, and proceeding according to the statute, and not according to the course of the common law, are, as to their judgments or decrees in such matters, upon the footing of courts not of record. Freeman on Judgments, §§ 122, 123, 124, 132, 517, 521, 525 ; *Williamson* v. *Berry,* 8 How. (U. S.) 495 ; *Thatcher* v. *Powell,* 6 Wheat. 119 ; *Pulaski County* v. *Stuart & Buchanan,* 28 Grat. 872 ; *Skinner* v. *Moore,* 2 Dev. & Bat. Law, 138 ; *Byrd* v. *The State,* 1 How (Miss.), 163 ; *Starke* v. *Gildart,* 4 Id. 267 ; *Carson* v. *Huntington,* 6 S. & M. 111 ; *Cockerell* v. *Wynn,* 12 Id. 117 ; *Root* v. *McFerrin,* 37 Miss. 17.

The power conferred by our code upon the chancery court to remove the disabilities of minors is not judicial in its character ; it may be exercised by the legislature without the intervention of other authority, or committed to any officer or commission having no judicial authority. The relief sought is private in its character, affecting no right of others ; the privilege and the method of avail-

ing of it are created and defined by the statute, and the proceedings are valid only when in conformity to its regulations.

Under such circumstances the court but exercises a statutory power, and it is incumbent upon one relying upon the decree to show that the court had acquired jurisdiction under the law; no presumption of jurisdiction arises from the mere fact of its exercise. *Lawrence's Case*, 10 Abbott's Prac. Reports, 346.

*The judgment is affirmed.*