DULION *et al. v.* FOLKES *et al.*\*

(Division A. Oct. 15, 1928. Suggestion of Error Overruled Feb. 25, 1929.)

[120 So. 437. No. 26989.]

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 584, p. 694, n. 54; Courts, 15CJ, section 101, p. 804, n. 7; section 150, p. 833, n. 44; section 174, p. 853, n. 85; Evidence, 23CJ, section 1810, p. 60, n. 28; Infants, 31CJ, section 42, p. 1010, n. 27; section 43, p. 1010, n. 28; section 47, p. 1011, n. 59; section 71, p. 1022, n. 86; As to necessity of returning consideration in order to disaffirm infant's contract, see annotation in 26 L. R. A. 177; 14 R. C. L. 238; 3 R. C. L. Supp. 200; 4 R. C. L. Supp. 889; 5 R. C. L. Supp. 756; 6 R. C. L. Supp. 806.

*Wells, Stevens & Jones* and *Mize, Mize & Thompson,* for appellants.

*Watkins, Watkins & Eager, Rushing & Guice* and *John L. Heiss,* for appellee.

*Mize, Mize & Thompson* and *Wells, Stevens & Jones,* in reply for appellants.

*Watkins, Watkins & Eager, W. Lee Guice* and *John L. Heiss,* in support of suggestion of error.

*Mize, Mize & Thompson* and *Wells, Stevens & Jones,* against suggestion of error.

120

Argued orally by *S. C. Mize* and *J. Morgan Stevens,* for appellants, and *W. H. Watkins* and *W. L. Guice,* for appellees.

McGowen, J. Appellants Ura C. Dulion and Julia Abbey Dulion, minor, by next friend, filed their original bills of complaint in the chancery court of Harrison county, Mississippi, against Mrs. Theresa Lopez Folkes, appellee, and other persons, seeking the cancellation of a certain deed executed by each of them in favor of Mrs. Folkes, appellee.

The gravamen of Ura C. Dulion's bill was that a certain deed executed on the 8th day of February, 1924, by which she conveyed to the appellee Mrs. Folkes a one-twelfth undivided interest in property known as the Grant building in Biloxi, Mississippi, should be canceled, because at the date of the execution of the deed, and for more than two years thereafter, she was suffering from some nervous trouble superinduced by drugs, which rendered her incapable of making a contract and incapacitated her from making a valid conveyance of the property in question. The prayer of her bill was that the deed executed by her to Mrs. Folkes be canceled.

The gravamen of the bill exhibited by the minor, Julia Abbey Dulion, was to the effect that the deed executed on February 8, 1924, by her to Mrs. Folkes, was executed when she was under the disability of minority, being about sixteen years of age, and set up that there had been an invalid proceeding to remove her disability of minority, and also set up distinctly that she did not authorize any one to file a petition for the removal of her disability of minority, and had no knowledge or information thereof until some time after the decree had been rendered and entered; that her next friend, Ura C. Dulion, named in the petition as such, was incapacitated to act as next friend because, in substance, such next friend was *non compos mentis;* that no oral evidence was introduced before the chancellor, at the hearing of the petition, to remove her disability of minority; and her bill of complaint alleges, generally, that the proceedings to remove her disability of minority were void, and she,

likewise, prayed for a cancellation of the deed, and both bills prayed for a sale of the land for partition, and alleged that the price paid for the land was far below its real value.

The defendant Mrs. Folkes, appellee here, denied every material allegation set forth in each of the bills, and set up, as to Ura C. Dulion, that she was not mentally incapacitated, but that, if the court should be of the opinion that she was mentally incapacitated, afterward, at a time when her reason had been restored, she had ratified and approved her act in executing and acknowledging the deed and receiving and appropriating the purchase price.

In the lower court, by agreement of counsel, both cases were tried together, and the chancellor dismissed both bills.

We think there was sufficient evidence, together with presumption, to warrant the chancellor in holding that Ura C. Dulion was possessed of sufficient mental capacity to execute the deed in controversy, and, likewise, we think there was sufficient evidence of ratification to warrant the chancellor in dismissing her bill, and we cannot say that the decree of the chancellor in regard thereto was manifestly wrong. We think it unnecessary to set forth the facts on this issue.

As to the bill exhibited by the minor, Julia Abbey Dulion, by next friend, we shall consider only one point made by counsel for appellant, which is as follows:

"The decree attempting to remove the disability of minority should have been set aside and declared null and void, because the court had no jurisdiction to enter the decree because of the fact that she and all of the parties to the petition were nonresidents of Mississippi at the time the petition was filed, and the petition failed to show, on its face, the jurisdictional fact that the petitioner was a resident of Harrison county, Mississippi."

This case will be disposed of here upon the question whether or not the decree and proceedings removing the disabilities of minority of Julia Abbey Dulion were void. The petition was filed by the minor, by next friend, on February 5, 1924, and said petition shows that the minor was seventeen years of age; that her parents were dead; that the names and residences of two of her next of kin within the third degree were Roy Dulion and Fay Dulion Herrman, nonresidents of Mississippi, and residents of the state and city of New York; that she owned a one-sixth interest in real estate located in the city of Biloxi, Harrison county, Mississippi, of the value of thirty-five thousand dollars, and personal property there located of the value of four thousand dollars; that all of said property was inherited by petitioner and her five brothers and sisters from their deceased parents; and then there occurs this sentence:

"That the income from said real estate is small, *and that none of the parties who own the same live in the state of Mississippi."* (Italics ours.)

The petition of said minor further alleges that she was in school and of sufficient age and intelligence to manage her own affairs, well developed mentally and physically; that all of the owners of the property desired to sell same; and that the property could not be sold advantageously, or so dealt with, so long as petitioner was a minor. The petition further stated that it was to her best interest to have her disability of minority removed; that the income from the property was not sufficient to support and educate her, and that her support and education were then being paid for by her brothers and sisters. The petition prayed for the removal of the minor's disability for all purposes, and for general relief. The petition was signed and sworn to before a notary public in the city of New York, by Ura C. Dulion, on the 2d day of February, 1924. On the 5th day of February, 1924, Roy Dulion and Fay Dulion Herrman filed an answer to

this petition, admitting all and singular the allegations thereof, and consenting that the prayer of said petition be granted. On that same day, the chancellor entered a decree removing the disability of minority of Julia Abbey Dulion generally, and for all purposes; there was no allegation or recital in the decree that the court had jurisdiction, or that said minor, Julia Abbey Dulion, was a resident of Harrison county, Mississippi. In said minor's original bill, she alleged that she had not received any of the purchase price paid by Mrs. Folkes for the land here in controversy; but after it was developed by the evidence, with reasonable certainty, that the purchase price for the Dulions' half interest in the land was twenty thousand dollars, that this sum was paid by check payable to each of the six named, one of which was Julia Abbey Dulion, and that the check was indorsed by her and collected in due course, and that certain family settlements had been made between the Dulion brothers and sisters, Julia Abbey Dulion amended her bill and tendered to the appellee Mrs. Folkes the purchase price. Mrs. Folkes owned one-half of this property, and the six Dulion children owned the other half *in solido*.

We think it would be well to state these facts: That the parents of Julia Abbey Dulion were residents of and domiciled in the city of Biloxi, county of Harrison, state of Mississippi, where they died; that Julia Abbey Dulion was born two days after the death of her father, and that her mother died, while living in Biloxi, when said Julia was about twelve years of age. After the mother died, Julia Abbey Dulion and Ura Dulion were birds of passage, Julia being sometimes in Biloxi with relatives there, sometimes in New York, sometimes in Boston at school, and immediately before these disability proceedings were instituted, she was in school in St. Louis, Missouri. The bill of complaint in this case alleges that she (said minor) is a resident of Harrison county, Mississippi.

Several months before this proceeding for removal of disability of minority here under review was instituted, there was filed a petition of the minor, by next friend, praying for the removal of her disability of minority, in which it was stated that she was a resident of Harrison county, Mississippi; but this petition, so far as the evidence on the question of her residence is concerned, seems never to have been disposed of by the court or by the chancellor.

For the purposes of this opinion we shall assume that the chancellor was warranted in finding on the trial of this case that Julia Abbey Dulion was a resident of Harrison county, Mississippi, and shall assume that he so held.

The real point raised and argued here for decision is to the effect that neither the petition nor the decree nor any part of the record in the removal of disability proceedings shows that Julia Abbey Dulion was a resident of Harrison county, Mississippi, and that, the decree removing her disability of minority having been rendered by the chancery court of that county, and that court being a court of special or limited jurisdiction, not a court of record for that purpose, the decree was void, and the deed executed by Julia Abbey Dulion to Mrs. Folkes while only sixteen years of age did not bind her.

The decision of this question must rest upon the construction to be given sections 300 and 301, Hemingway's 1917 Code (sections 543 and 544, Code of 1906). The former section reads as follows:

"*Removal of Disability of Minority.*—The chancery court of a county in which a minor resides may remove the disability of his minority."

The latter section reads as follows:

"*Removal of Disability of Minority—Proceedings.*— The application therefor shall be made in writing by the minor by his next friend, and it shall state the age of

such minor and the names and place of residence of his parents, and, if he has no parent, the names and place of residence of two of his nearest kin within the third degree, computed according to the civil law, and the reasons on which the removal of the disability is sought; and, when such petition shall be filed, the clerk of the court shall issue the proper process, as in other suits, to make the proper parties defendant, which shall be executed and returned as in other cases; and any person so made a party, or any other relative or friend of the minor, may appear and resist the application.''

It is true that the latter section does not require that the petition shall state the residence of the minor, but it is likewise true that the former section quoted, *supra,* does not confer jurisdiction upon the chancery court to remove the disability of minority of any other than the minor who is a resident of the county. We think it is obvious that the requirements of the latter section do not and could not exclude the requirements of the former section, and that in a court of special and limited jurisdiction, with only the power conferred by the statute, the petition and the record of the proceedings must show that the court had the power to exercise the special and limited jurisdiction conferred by the statute.

Counsel for appellee feebly contends that because the property inherited by the parties is shown in the petition for removal of disability as being in Harrison county, that therefore the petition states enough to show that the minor was a resident of that county. That position is wholly untenable in the light of the statement in the petition for the removal of disability, that "none of the parties who own the same (referring to the lands) live in the state of Mississippi.'' Julia Abbey Dulion, the minor, was the main party seeking relief in the court, and we feel safe in concluding that the allegation of the petition that all of the owners lived outside the state negatives the idea that she resided in Harrison county.

Nor do we think, insofar as the sections of the statute quoted, *supra,* apply, that a minor not within the class named in the statute can, by his appearance by petition confer jurisdiction upon a court of the subject-matter of which it did not have jurisdiction.

The subject-matter conferred by section 300, etc., upon the chancery court is that of removal of disability of minority of minors residing in the county. Any other view of the statute would mean that though a guardianship was pending in De Soto county, in the extreme northern part of the state, or in the chancery court of any other county, if the minor was dissatisfied with the *status* and management of his estate by the court having jurisdiction thereof he would be authorized to apply to the chancery court of any other county in the state to be relieved of his disability of minority, and thwart the management of his estate by the chancery court of the county having jurisdiction thereof.

Relative to the removal of disability of minority, there is no presumption raised in favor of the jurisdiction of the chancery court in the matter of the removal of disability of minority, this court having so often held that such jurisdiction is limited and restricted; and the statute conferring the jurisdiction is the source of power of the court to act, and the allegations in the petition must of necessity be the basis of the jurisdiction of the chancery court to act in any such case.

Jurisdiction of the subject-matter cannot be conferred on the court by the consent of the parties, although a minor, like an adult, is bound by decrees rendered in courts of record, where the minor is properly before the court; but parties themselves may not confer jurisdictional power upon a court without it, simply by consent. *Switzer* v. *Benny,* 94 Miss. 209, 48 So. 401.

We are not unmindful of the fact, nor do we avoid the rule announced in the case of *Cason* v. *Cason,* 31 Miss. 578, where the court, in effect, said that the rule requir-

ing jurisdictional facts to appear in the record, for courts of special and limited jurisdiction, applies to *subject-matter,* and not to the *person.* But the rule cannot be invoked here, for the reason that the subject-matter composes a class of persons whose disabilities are sought to be removed, and no others. That being true, no presumption is indulged in favor of a court of special and limited jurisdiction, and, where the jurisdictional facts do not appear of record, its judgments are void. *Bolivar County* v. *Coleman,* 71 Miss. 832, 15 So. 107.

In the case of *Marks* v. *McElroy,* 67 Miss. 545, 7 So. 408, this court held that in exercising special statutory powers, conferred in derogation of the common law, and, proceeding by virtue of the statute, as in the removal of the disability of minority, a court (though of record) is to be considered as of limited jurisdiction and is not to be presumed to have jurisdiction other than is shown to exit.

This was the view of the court prior to the adoption of the Constitution of 1890, which conferred upon chancery courts full jurisdiction of minors' business. But the case of *Marks* v. *McElroy* has been followed and approved in the cases of *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569; *Hardy* v. *Pepper,* 128 Miss. 27, 90 So. 181; *Wilson* v. *McCorkle,* 135 Miss. 525, 99 So. 366; *Poole* v. *Jones,* 136 Miss. 645, 101 So. 786, all of which were cases involving the removal of the disability of minors.

The rule which we have announced seems to be supported by the weight of authority, though there is conflict. But the reason on which we base the rule for requiring that the record show the jurisdictional power of the court to act in a given cause is found in the case of *Galpin* v. *Page,* 85 U. S. (18 Wall.) 350, 21 L. Ed. 959, wherein the court held:

"The facts essential to the exercise of a special jurisdiction must appear in such cases upon the record."

The case of *Hindman* v. *O'Connor,* 54 Ark. 627, 16 S. W. 1052, 13 L. R. A. 490, is a case on all fours with the case here under consideration, and the authorities cited therein strongly support the view of the statutes here under consideration that section 301, taken together with section 300, makes the residence of a minor jurisdictional—a condition upon which the court can remove the disabilities of the minor.

The record of the proceedings to remove the disability of minority of Julia Abbey Dulion not only fails to show jurisdiction in the court (power to act), but negatives the right of the court to proceed by an allegation that the petitioner did not live in the state.

What we have hitherto said applies with full force to counsel for appellee's argument that the court could take judicial notice of the fact that the petitioner, Julia Abbey Dulion, was a resident of Harrison county, for the reason that live guardianship proceedings were pending in that court at that time. We have already said that it was necessary to plead the subject-matter in order to confer power upon the court of limited jurisdiction to act, which would seem to be a sufficient answer. But there is the additional answer that section 2108, Hemingway's 1927 Code (section 2426, Code of 1906), confers jurisdiction of nonresident guardians and nonresident wards where the ward has real or personal property situated in a county of this state.

Counsel for appellee, in order to uphold this removal of disability of minority, next insists that in February of 1924, chapter 226 of the Laws of 1922 was in full force and effect, and that thereby the chancery court of Harrison county had jurisdiction to remove the disability of minority of nonresident minors as to lands in the county, and that while the decree removed the disability of minority in this case generally and for all purposes, that the court was authorized by said chapter to partially remove the disability of minority as to the real

estate of a minor; that the decree here under review is simply an erroneous decree; that by virtue of said chapter the court acquired jurisdiction, and, having acquired jurisdiction, that it will be treated as a valid decree within the purview of said chapter cited, *supra.*

A sufficient answer to this contention is that the proceedings were not instituted under and by virtue of said chapter 226, and that neither the petition nor the decree conform to the power conferred upon the court by said act. And this seems to be so clear that we do not deem it necessary here to decide whether or not said chapter 226 of the Laws of 1922 is constitutional and enforceable. The petition did not set forth the facts upon which the court had rendered the decree in response to it, and the court in its decree took no notice of the lands owned by the minor, and there was no effort to confer jurisdiction upon the court for that purpose as we view the pleadings and the decree.

Counsel for appellee next urges upon the court that the appellant's case is without equity, because in the original pleadings she alleged that she had never received any of the purchase money; and, after the trial had progressed, and an adjournment of the court had from May until June, the appellant minor, finding that the appellee was able to show that she had received the purchase money, thereupon amended her proceedings and tendered to Mrs. Folkes, the purchaser under her deed, the purchase price received by her by virtue thereof.

It is true that minority is a shield of protection and not a weapon for wrongdoing. But if it is true, as we have above said, that the effort to remove her disabilities was a nullity and that the decree thereon was void, then the law is that the minor has a right to disaffirm her action while under the disability of minority in this class of cases; and, even though she had received the purchase money and squandered it, yet, the law would permit her

to disaffirm her action during minority, and equity would follow the law.

The record shows that perhaps her interest in this land is now worth considerably more than she received therefor; the property is well rented with considerably higher net rental than she received, and the contract is for ninety-nine years. She tenders back the purchase price she received therefor; the case stands as though she had not as a minor executed a deed, and the *status* of the parties is restored. She owns her interest; Mrs. Folkes does not. See *Lake* v. *Perry, supra.* The minor was not bound by her act; she was not bound by a void decree to remove her disability of minority. She has a right in law and in equity to have her property. She may, and she has, disaffirmed the deed executed by her in this case.

We think the chancellor erred in dismissing the bill of Julia Abbey Dulion, as the proof showed that the lands were incapable of partition in kind.

We are remanding the case as to Julia Abbey Dulion, with directions to the lower court to order a sale of the land for partition as the statute directs.

Affirmed as to Ura Dulion, and reversed and remanded as to Julia Abbey Dulion.

*Affirmed.*
*Reversed and remanded.*

### On Suggestion of Error.

After a careful consideration of the briefs filed in this case, we have reached the conclusion that the suggestion of error should be overruled, but we shall render an additional opinion upon one point, presented originally, but ignored in the original opinion.

We have concluded that it is proper for the court to adhere to the original opinion in this case—that the decree removing the disability of minority of the appellant Julia Abbey Dulion by the chancery court of Harrison

county, was absolutely void, and by which we awarded to the minor her interest in the land.

It is conceded and indisputable that the appellee Mrs. Folkes must of necessity have based her defense to the bill filed herein upon a deed executed to her by the appellant during her minority, and, if that deed is to be up held, it must be because of some efficacy or virtue in the decree removing the disability of the minor, the appellant. The main opinion held that the decree was not binding upon the minor, because it was void. Counsel for appellee on suggestion of error press upon us strongly that the original bill did not charge that said decree was void for the reason (upon which we decided the case) that the record in the removal of disability proceeding failed to show that the minor was a resident of the county in which the decree was rendered; that this was a separate cause of action, and not raised by the bill in the lower court; and, therefore, the court could not base its judgment and opinion thereon.

Counsel, in pressing the suggestion of error, urge upon us with great force that the fact that the decree removing the disability of the minor was void, because the residence of the minor was not shown by the record, is a separate and distinct cause of action from those reasons assigned and urged in the original bill as rendering said decree void.

A wealth of authorities have been ingeniously collated, which we shall not take up in detail, but shall only refer to one case relied on, in order to refute any idea or theory of conflict between this case and that of *Cox* v. *American Freehold & Land Mortgage Co. of London,* 88 Miss. 88, 40 So. 739, in which this court held that where, in an amended bill, complainants set up a cause of action wholly distinct from that in the original bill, and in the interim between the filing of the original bill and the filing of the said amendment the bar of the statute of limitations has become complete, this court can grant no

relief upon the new cause of action thus set up for the first time. The bill, in the above case, was filed to redeem certain lands sold under a trust deed. A demurrer was interposed to this bill. After the defense of the ten-year statute of limitations thereto was completed, the bill was amended, so as to charge that the appointment of Stinson, who made the sale herein, was not made in writing or acknowledged and recorded. By the terms of the contract, the trustee was authorized to appoint, in writing, an agent and auctioneer to act in his absence for him. The demurrer was again interposed, the main ground being that the bill was filed only one day before the bar of the statute of limitations would have been completed. The demurrer was refiled after amendment was made as to Stinson's appointment not being made in writing. This court held, by the terms of the contract, that the appointment must be in writing, and also that the sale was void. It was then pressed upon the court that the amended bill was filed more than eleven years after the sale of the land, and therefore was barred by the ten-year statute of limitations. Chief Justice WHITFIELD, speaking for the court in this case, said:

"The cause of action is the reason why the action is sought to be maintained, the ground or reason for the action. We have carefully examined these authorities, and we are clearly of the opinion that the law is, as in them laid down, that wherever there is a cause of action set up in an amended bill, wholly distinct from the cause of action set up in the original bill, and the bar of the statute has become complete in the interim between the filing of the two, no relief can be had on the new cause of action set up in the amended bill."

In other words, Judge WHITFIELD held that, when the amended bill was filed, a complete and adequate defense had arisen to the amended bill. He also held, as we view the case, that the allegation in the amended bill as to the

trustee was separate, distinct, and apart from the original bill to redeem the land from the mortgage sale.

As we interpret appellant's bill in this opinion, the gravamen of it was to disaffirm her action in signing a deed while she was a minor. True it is that she unnecessarily set up, as an exhibit to her bill, the chancery court proceedings undertaking to remove her disability of minority, and also exhibited the deed made by her to Mrs. Folkes, incidentally alleging that the decree was void for certain reasons, but not assigning the precise ground upon which our main opinion was based, and asked that the deed be canceled, that she be granted the right to her interest in the land, and sale thereof for partition.

In view of the conclusion we have already announced, Mrs. Folkes had no defense to the bill of appellant to disaffirm appellant's action in minority, save that it rested in and was based upon the void decree of removal of disability. It was wholly unnecessary to exhibit the record of the removal proceedings of the chancery court. If the decree was void, it was a nullity. It had no effect whatever; it afforded no protection to Mrs. Folkes, and constituted no defense. It continues void forever. Consequently Mrs. Folkes' deed, based on nothing, resulted in nothing to her. Her deed was of no effect. In the *Cox case, supra,* it was apparent to the court that a defense had arisen in the case at bar, while here no defense is shown, even if we say that the cancellation of the deed, apart from its disaffirmance, constitutes a separate cause of action, to which we do not assent.

In the case of *Gabbert et al.* v. *Wallace,* 66 Miss. 618, 5 So. 394, Judge Cooper, speaking for the court, said:

"As the point on which our decision turns was not made in the court below, *nor raised by counsel here* [italics ours], we have been reluctant to dispose of the cause upon it; but since it goes to the very foundation of complainant's right, and an affirmance of the decree would give sanction to other proceedings of like char-

acter, we have concluded that the decree ought not to stand, since, assuming everything to be true that the evidence proves, or tends to prove, complainant is not entitled to any relief against the appellants."

In the case of *Wilson* v. *Alabama G. S. R. Co.,* 77 Miss. 714, 28 So. 567, 52 L. R. A. 357, 78 Am. St. Rep. 543, Wilson sued the railroad company for obeying a void order of the state board of health, in which case Wilson was a passenger on defendant's train with a ticket to Meridian, Mississippi. Although he had a health certificate, the railroad company refused to allow him to disembark in Mississippi, and carried him to Alabama. The railroad's defense was a void order of the state board of health, which, if enforceable, would protect it. The court below gave a peremptory instruction for the railroad, and this court reversed this ruling, holding that the order of the state board of health was unreasonable and void. This objection was made specifically for the first time in this court, and Chief Justice WHITFIELD, speaking for the court, said:

"Ordinarily it is true that objections not specifically made below cannot here be relied on. The reason of that rule, which gives it its life, is that the opposite party may have opportunity to meet and obviate the objection. *But where the court can see, as to the plaintiff, that he has no cause of action on which a judgment can be legally pronounced, or, as to the defendant, that he has no defense which the law can allow to stand, there is presented, in both cases equally, a case where it is not legally possible to obviate the fatal fault, if opportunity to do so had been given, and this court must in such case act upon the fatal infirmity presented by the record."*

We conclude that the unnecessary allegation as to the void decree did not in the slightest degree affect the rights of the complainant, the appellant, to disaffirm her deed, and that no defense could be predicated upon a

deed executed during minority, if the deed rested upon the efficacy of a void decree removing the disability of minority. See *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569.

*Overruled.*