HAYES *et al. v.* FEDERAL LAND BANK OF NEW ORLEANS, LA., *et al.*

(Division A. March 21, 1932.)

[140 So. 340. No. 29627.]

**Stone & Stone**, of Coffeeville, for appellants.

**E. M. Yerger**, of Clarksdale, for appellees.

J. M. Kuykendall, of Charleston, for appellees.

. . Argued orally by **Ike Stone**, for appellants, and by **J. M. Kuykendall** and **E. M. Yerger**, for appellees.

**McGowen, J.**, delivered the opinion of the court.

Ura Lee Hayes, an adult, for herself and as next friend of Arie Hayes, a minor, exhibited her bill in equity against the appellees, Federal Land Bank, E. A. Copeland and wife, Miss Mary Copeland, and Bennie Hayes Holman, seeking a cancellation of a deed of trust held by the Federal Land Bank, and trustee's deeds and other deeds, alleging that each of the appellants owned a one-third interest in certain lands, and also prayed for a partition in kind thereof. An appeal is prosecuted here from a final decree sustaining appellees' demurrer thereto and dismissing the bill.

We deem it unnecessary to set forth the bill at length.

The appellants claimed an interest in the lands as heirs at law, with their mother, of their father, W. W. Hayes, who died seized and possessed thereof.

The equity of the bill is dependent upon an allegation that a decree of the chancery court of Tallahatchie county, dated January 17, 1924, partially removing the disabilities of minority of the appellants so as to authorize them to execute a deed of trust in favor of the Federal Land Bank of New Orleans, Louisiana, to discharge liens, or adjudged proper charges against the estate of the deceased father, amounting to six thousand five hundred dollars, was void.

After the rendition of the decree, these minors executed a deed of trust in favor of the Federal Land Bank, on which there was subsequent default and a foreclosure sale; the Federal Land Bank purchased thereat; the trustee executed a deed to the former which thereafter conveyed the lands to the Copelands.

The decree removing the disabilities of minority is here set forth:

"This cause came on to be heard in vacation on an ex parte petition of Ura Lee Hayes, a minor, and Arie Burness Hayes, a minor, by their mother and next friend, Bennie Hayes Holman and Bennie Hayes Holman, Billy Hardiman and James Hardiman, the three nearest of kin, to said minors, who join in said petition and ask for the partial removal of disabilities of minority of said minors; and on consideration thereof after being fully advised in the premises, the court finds that W. W. Hayes, the father of said minors, died intestate November 18, 1918, leaving the following described property to his wife, Bennie Hayes and his two minor children, Ura Lee Hayes and Arie Burness Hayes, the sole heirs-at-law."

We omit the description of land.

"That at the time of the death of W. W. Hayes the above described property was encumbered to the amount of twenty-three thousand dollars that all of said indebt-

edness has been satisfied with the exception of about five thousand dollars which represents money borrowed for the purpose of paying off the probated claims against said estate, and which is secured by a deed of trust on said property; said deed of trust has been assigned to the Greenwood Savings Bank of Greenwood, Mississippi; and now due and payable; and said estate is further indebted in the sum of one thousand dollars, which represents the balance of attorney's fee due J. H. Cook for representing the estate of W. W. Hayes, deceased, and which was allowed by this court on the 5th day of May, 1921, and which is a lien on said property, that is, it is necessary for them to borrow money on this property to pay off indebtedness in order to prevent a foreclosure of the deed of trust above mentioned, and that the court is of the opinion that the petitioners are entitled to the relief as prayed for;

"Therefore, it is ordered, adjudged and decreed that the disabilities of minority of Ura Lee Hayes and Arie Burness Hayes be and the same are hereby partially removed for the purpose set out in said petition and the said Ura Lee Hayes and Arie Burness Hayes are hereby authorized and empowered to execute a mortgage on their entire interest in the property herein set out and such other instruments as are necessary and incidental thereto, for the benefit of the Federal Land Bank of New Orleans, Louisiana, upon whatever terms and conditions necessary to secure a longtime loan from the Federal Land Bank."

The bill does not charge that at the date of the above decree the personal estate was sufficient to pay debts, but does say that there was a considerable amount of personal property.

The bill avers that administration was had upon the estate of their deceased father, but there were no insolvency proceedings, no proper ascertainment that the lands were, or would be, necessary to pay the debts; and

the deed of trust referred to in the decree is void, because there was no authority of law therefor. The bill further avers that the claims against said land were for attorney's fees, although they exhibit with their bills the decrees of the chancery court fixing these items as liens upon the lands of decedent, and generally allege that the decree removing their disabilities is therefore void, because on its face it is against the interest of the minors to incumber their lands for the payment of these debts.

It is further alleged that no petition can be found praying the removal of disabilities of the minors, no docket entries thereof, no index record, and no file of papers—in fact nothing in connection therewith save the bare decree above set forth, which does not show that the minors were residents of Tallahatchie county, Mississippi; and therefore the decree is void as to them. While not specifically so stating, they now seek to disaffirm their act in signing and executing the deed of trust, to cancel it, and all deeds dependent upon it for title, as against the title of appellants.

In plain simple language, appellants' contention is that the decree removing disabilities is void, and therefore all that rests thereon is likewise void, upon the disaffirmance of their act, while minors, in signing the deed of trust. The demurrer challenged the equity of the bill.

The case then squarely presented on the face of the bill and the record of proceedings, as set forth therein, is whether or not the decree removing the disabilities of the minors is void. Appellees rely upon recital in the decree to the effect that the case came on to be heard on the petition of the two minors, that therefore we must presume that there was a petition, and that we must further presume that the petition contained the essential and necessary jurisdictional allegations. In support of their proposition, they cite the case of Eastman-Gardner Co. v. Leverett, 141 Miss. 96, 106 So. 106, in which case it appeared that the clerk had actually marked "filed"

on the petition a date subsequent to the granting of the decree, and this court held that it would be assumed that the petition had been lodged with the clerk of the court prior to the date of the decree. In the case at bar, under all the allegations of the bill, if we were to assume that there was a petition actually presented to the court in the light of the allegations of the bill it would necessarily be based entirely upon the fact that the court exercised the jurisdiction to remove the disabilities of minority. In the case of Marks v. McElroy, 67 Miss. 545, 7 So. 408, on the point here in issue, Judge Cooper declared for the court: ''Under such circumstances, the court but exercises a statutory power, and it is incumbent upon one relying upon the decree to show that the court had acquired jurisdiction under the law. No presumption of jurisdiction arises from the mere fact of its exercise.''

In Marks v. McElroy, supra, the court was construing a statute which is now found as section 353 of the Code of 1930, and which has not been amended or changed as to the jurisdiction of the court. In that case the facts were that the defendant relied upon a decree removing the disability of minority; to uphold his title, the court below excluded the decree because it failed to set forth that the minors affected thereby were residents of the county, and this court held that action of the court to be correct, applying the well-known rule that courts of limited jurisdiction are presumed to have no jurisdiction that is not shown to exist, and further held that in the matter of removal of disability of minority the chancery courts of the counties of this state exercised a special power conferred by statute in derogation of the common law and construed according to the statute and not according to the course of the common law, and in such proceedings were not courts of record.

The facts of the case then being considered cannot be distinguished from the facts presented by the bill filed by the minors in this case. The presumption applied

is that the chancery court of Tallahatchie county, a court not of record, did not have jurisdiction. Counsel for appellees, in an effort to uphold the validity of this decree, urge upon the court that the decree shows the minors were in court, and therefore the jurisdiction of the court will be presumed. If that position be correct, it is a perfect answer to the case of Dulion v. Folkes, 153 Miss. 91, 120 So. 437, wherein we held that, the petition failing to show jurisdiction of the court over the minors of the county, the decree therein removing such disabilities was void. We further held in that case that the subject-matter conferred by the legislature on the chancery court was that of removal of the disabilities of minors residing in the county in which the chancery court entered the decree, and again held that the courts would indulge no presumption in favor of the jurisdiction of the chancery court where the decree was a removal of the disability of minority.

We are therefore of opinion that the cases of Criscoe v. Adams, 123 Miss. 37, 85 So. 119, Cason v. Cason, 31 Miss. 578, Root v. McFerrin, 37 Miss. 17, 75 Am. Dec. 49, and other cases, have no application here. It follows that on the allegations of the bill the decree removing the disability of minority of the complaining minors is void. The demurrer should have been overruled. We are not here deciding, nor are we called upon to decide, that a decree of a court not of record, as in this case, can be supported and rendered valid by the production of a petition complying with section 353, Code 1930.

The opinion of this court in the case of Marks v. McElroy, supra, is the law of this state, and courts as well as purchasers of title of land, however unfortunate, must be warned that decrees in violation of the rule there announced will suffer the same fate. It is a curious matter of history that at the time this court entered the judgment in Marks v. McElroy, the legislature of Mississippi also exercised the function of removing the disability of

minority. See Laws of 1890, chapter 469, approved February 1, 1890.

The other question presented will perhaps disappear from the case on the filing of an answer by the appellees, which they are required to do within thirty days from this date. The court below erroneously sustained the demurrer to the bill herein, and the cause therefore must be reversed and remanded.

Reversed and remanded, with leave to appellees to answer.