## Howard et al. v. McMurchy et al.

(Division A.    Mar. 30, 1936.    Suggestion of Error Overruled, April 27, 1936.)

[166 So. 917.    No. 32123.]

Shands, Elmore, Hallam & Causey, of Cleveland, for appellants.

**Roberts & Smith,** of Cleveland, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellants sued the appellees for a partition of land and the cancellation of a mortgage, by the foreclosure of which the interest of the appellants in the land was divested. This mortgage was signed by the appellants, Mattie Parker Howard, and by Marcilla Thomas, formerly Marcilla Parker, who died thereafter, leaving the other appellants as her sole heirs at law. The case was tried on bill, answer, and proof, and the bill of complaint was dismissed.

At a time when Mattie Parker Howard and Marcilla Thomas were minors, decrees in vacation were rendered in Bolivar county, Mississippi, removing their disabilities of minority. As to Mattie Parker Howard, the appellants say that the decree removing her disabilities of minority is void, for the reason that she did not reside in Bolivar county when it was rendered, and, as to both of them, that the decrees do not confer upon them the power to mortgage their property.

Section 353, Code 1930, provides that: "The chancery court of the county in which a minor resides may remove the disability of minority." The petition filed for removing the disabilities of minority of Mattie Parker Howard alleges that: "Your petitioners and defendants are resident citizens of the second judicial district of Bolivar County, Mississippi." The decree contains no adjudication of the place of Mattie Parker Howard's residence.

The chancery court, when removing the disabilities of minority, is one of limited jurisdiction, and therefore no presumption as to its jurisdiction arises, "and it is incumbent upon one relying upon the decree to show that the court had acquired jursdiction under the law." Marks, Rothenberg & Co. v. McElroy, 67 Miss. 545, 7 So. 408.

If the allegations in this petition that Mattie Parker Howard resided in Bolivar county may be looked to in support of the decree, as to which we express no opinion, parol evidence is admissible to show that the allegations were not true. Wilson v. McCorkle, 135 Miss. 525, 99 So. 366.

Such evidence was here introduced and shows, without conflict, that Mattie Parker Howard did not reside in Bolivar county, Mississippi, when the decree removing her disabilities of minority was rendered. But the appellees say that (1) the evidence discloses that Mattie Parker Howard was twenty-one years of age when she executed the mortgage; and, if not, (2) she is estopped from pleading her minority.

Neither of these contentions is supported by the evidence.

The decree removing the disabilities of minority of Mattie Parker Howard, among other things, recites that: "It is therefore ordered, adjudged and decreed, and the court doth decree, that the disabilities of minority heretofore existing against Mattie Parker Howard, one of the heirs of Ben Parker and Mattie Parker, deceased, be and the same are hereby wholly and completely removed, and the said Mattie Parker Howard fully emancipated from the said disabilities. And the said Mattie Parker Howard is hereby authorized and empowered to sue and be sued, to buy and sell real and personal property in her own name and to do and perform all acts which in her judgment are necessary for the proper management of her estate, the same as if in truth and in fact

the said Mattie Parker Howard was twenty-one (21) years of age and upwards.''

The decree removing the disabilities of minority of Marcilla Thomas is identical with the Mattie Parker Howard decree, except that the name ''Mattie Parker Howard'' appears between the words ''existing against'' and ''one of the heirs.'' The name ''Marcilla Parker'' appears later in the decree between the words ''and the said'' and the words ''is hereby authorized.'' We will assume, but only for the purpose of the argument, that the name ''Mattie Parker Howard'' in this second decree is, manifestly, a clerical error, and that the name ''Marcilla Parker'' may be read in lieu thereof.

Section 357, Code 1930, provides as follows: ''The decree may be for the partial removal of the disability of the minor so as to enable him to do some particular act proposed to be done and specified in the decree; or it may be general, and empower him to do all acts in reference to his property, and making contracts, and suing and being sued, and engaging in any profession or avocation, which he could do if he were twenty-one years of age; and the decree made shall distinctly specify to what extent the disability of the minor is removed, and what character of acts he is empowered to perform notwithstanding his minority and may impose such restrictions and qualifications as the court may adjudge proper.''

These decrees, after reciting that the disabilities of minority of the two minors ''are hereby wholly and completely removed,'' do not then proceed, in the language of the statute, to empower them to do all acts in reference to their property, and making contracts, sue and be sued, and engage in any profession or avocation which they could do if they were twenty-one years of age, but proceed to distinctly specify what acts they were empowered to perform. The general language, therefore, of the decrees is qualified by the specific language, im-

mediately following, and the things which the minors are authorized to do must be limited thereto.

It will be observed that these decrees do not specifically authorize the minors to mortgage their property, but the appellees say that the power to sell includes the power to mortgage.

A mortgage on property is not a sale thereof, but is a mere security for a debt, and, ordinarily, the power to mortgage is not included in a power to sell. Stokes v. Payne, Kennedy & Co., 58 Miss. 614, 38 Am. Rep. 340. This is in accord with the authorities elsewhere. 14 C. J. 1271. It may be, as was said in Stokes v. Payne, Kennedy & Co., supra, that "a more liberal construction is made in those cases in which the person who has the power is also interested in the estate on which it is to be exercised, than in those in which the power is given to one to encumber the property of another." But that rule cannot apply here. A minor is incapable of contracting unless and until his disabilities of minority are removed, and then only to the extent provided in the decree removing them, and, where the words of a decree are plain and unambiguous, the power thereby conferred cannot be extended beyond the plain meaning of the language used.

Again, it may be said that both of these petitions for the removal of the disabilities of minority pray that they be wholly and completely removed, and that the minors be given complete power to sue and to be sued, and to do all acts pertaining to the proper management of their business, and to sign all necessary deeds of conveyance, mortgages, trust deeds, or other papers that may be necessary in the management of their affairs.

Where the language of a judgment or decree is plain and unambiguous, no resort to the pleadings on which it is founded is necessary or permissible for its interpretation. Moreover, the court below had the right to grant all or a part of the prayer of these petitions.

Reversed and remanded.