RUSSELL, J.,
dissenting:
¶ 12. The majority finds that the chancery court’s order interpreting its prior judgment was necessary for purposes of clarifying the judgment. I find that no interpretation was needed, as the prior judgment was valid and clear on its face. The chancery court’s order is unauthorized under the Mississippi Rules of Civil Procedure; and, amending the prior judgment to add an additional retirement account was an abuse of discretion. For these reasons, I respectfully dissent.
DISCUSSION
¶ 13. I am compelled to address several of the majority’s factual statements that *1187 are unsupported by the record in this case. The majority states that Eddie neither listed the B & CU retirement account on his Uniform Chancery Court Rule 8.05 financial disclosure statement nor informed the chancery court of the account.[4] However, the record shows that during trial, Eddie disclosed all information about his retirement and pension of which he was aware. Eddie also testified that he submitted to his lawyer all of his financial information, including all known information about his pension. In addition, the majority seems to ignore the fact that neither Eddie nor Fannie have submitted a Rule 8.05 financial disclosure statement to this Court for our review in this appeal or the previous one. This is imperative considering that the contents of Eddie’s Rule 8.05 statement, which we do not have, are relied on so heavily by the majority in affirming the chancery court’s order. During trial, Eddie testified that the only information regarding his pension of which he was aware was that he received two checks from the pension every month; one for $200, and the other for $1,700. Eddie stated multiple times that he had no access to his pension account, and was unaware of its total cash value. The following colloquy between Eddie and the plaintiffs counsel occurred during the original hearing before the chancellor:
COUNSEL: Did you provide your attorney with information about your pension plan?
EDDIE: Yes. Yes.
COUNSEL: Do you understand that you are requested in discovery to tender any documents specifically regarding that pension plan?
EDDIE: Well, I didn’t have knowledge of the account of the plan at the time.
COUNSEL: Do you have it now?
EDDIE: No.
[[Image here]]
COUNSEL: Are you telling this Court under oath that you don’t have any idea [of] what’s in your pension?
EDDIE: Yes, sir.
COUNSEL: And you expect this Court to believe you?
EDDIE: Well ... I don’t have access to ... my pension[.] I don’t know what’s in that pension. All I know is what I get a month.
[[Image here]]
EDDIE: I don’t have the ... exact figures of what the pension has. I don’t know. They send me a check. I get a $200.00 check. I get a $1,700.00 check.
¶ 14. The majority also relies on our prior judgment from Eddie’s previous appeal. See Cotton v. Cotton, 44 So.3d 371, 378 (¶¶ 20-23) (Miss.Ct.App.2010) (affirming the judgment of the chancery court awarding Fannie a forty percent interest in Eddie’s Solae LLC retirement account). The majority contends that in the previous appeal, we found no error in the general award to Fannie of forty percent of Eddie’s retirement. However, we affirmed the judgment concerning a specific award, not a general award to include any retirement later disputed. The award specifical *1188 ly listed Solae as the only retirement account of which Fannie was granted forty percent interest. The record indicates that the order interpreting the prior judgment was drafted by Fannie’s lawyer. Therefore, Fannie had the opportunity to request an interest in any retirement acquired by Eddie, but the record shows that she did not.
¶ 15. Even more troubling is the evidence in the record indicating that Fannie knew about the B & CU retirement account prior to the annulment and had previously executed a waiver of any interest in the account. This matter was not addressed by the majority or the chancellor. I find that expanding the scope of the award so broadly to include any and all property that may subsequently come into question without first determining its value, and whether it is in fact marital property subject to equitable distribution, is error.
¶ 16. “There are only three ways to reopen, amend and/or alter a final judgment entered by a court of competent jurisdiction.” Adcock v. Van Norman, 917 So.2d 86, 89 (¶ 9) (Miss.2005).
First, [a party] may file an appeal to the [Mississippi] Supreme Court.... The Mississippi Rules of Civil Procedure provide the other two procedures under which a judgment may be altered: (1) under Rule 59(e), a party may [file] a motion to alter or amend a judgment; and (2) under Rule 60, a litigant may receive relief from a judgment if one of the following is shown: a clerical mistake; fraud, misrepresentation or other misconduct; accident or mistake; newly discovered evidence; void judgment; discharge of judgement; or “any other reason justifying relief.”
Adcock, 917 So.2d at 89 (¶ 9) (citing M.R.C.P. 59, 60).
I. The chancery court’s order is unauthorized under the Mississippi Rules of Civil Procedure.
¶ 17. The majority finds that the chancery court’s order was neither an improper reconsideration nor an alteration of the prior judgment. I disagree. The relevant portion of the prior judgment states:
The Plaintiff ... is hereby awarded forty percent (40%) of the [retirement of the Defendant accumulated in the So-lae[] LLC[] retirement account.... [T]he attorneys for the parties are hereby directed to prepare any necessary paperwork, including a Qualified Domestic Relations Order, to effectuate the transfer of the said monies to the Plaintiff.
¶ 18. “[W]here the words of a its prior judgment are plain and unambiguous, the power thereby conferred cannot be extended beyond the plain meaning of the language used.” Howard v. McMurchy, 175 Miss. 328, 336, 166 So. 917, 919 (1936). Here, the chancellor amended the prior judgment by adding a retirement account that was not previously listed to be split between the parties. Nothing in the record suggests that such an amendment is authorized under the Rules. There is nothing unclear about the prior judgment that would warrant a declaratory judgment under Mississippi Rule of Civil Procedure 57. A declaratory judgment is proper where its entry will terminate any uncertainty or controversy giving rise to the proceeding. See M.R.C.P. 57(a). Here, there is no uncertainty or actual controversy that requires clarification. The chancellor cannot simply change her mind and make new findings.
¶ 19. The only other avenue through which such an amendment would be permitted under the Rules is if the chancellor had entered a Rule 60(b) order based on fraud. However, the order fails under this *1189 exception, as well. There was never a finding of fraud in the chancery court, nor was there ever a finding of fraud by this Court during the previous appeal. The majority states that the chancery court’s order amending its prior judgment was proper because Eddie failed to list any information regarding his retirement account or pension in his Rule 8.05 financial declaration form. However, without Eddie’s Rule 8.05 financial declaration form included in the record for our review, I feel that we cannot make such a determination. Further, I find that, without evi-dentiary support, this allegation cannot serve as justification for the chancellor’s alteration of a prior judgment.
II. The chancery court’s order was based on a procedurally barred motion.
¶ 20. It is well established that a motion to alter or amend a judgment must be filed no later than ten days after the entry of the judgment, and this ten-day period may not be extended under any circumstances. See M.R.C.P. 59(e). Fannie’s motion for interpretation of decree was filed on June 29, 2011, over three years after the final judgment was entered, and over one year after this Court affirmed that judgment. As discussed above, there are exceptions that permit a party, or the court on its own initiative, to seek or issue relief from a prior judgment notwithstanding the time requirement. Yet there is nothing in the record that shows where any of these exceptions are applicable. Thus, the chancery court’s order interpreting its prior decree was based on a procedurally barred motion.
¶ 21. I find that the chancery court abused its discretion in amending the prior judgment to add an additional retirement account. The final its prior judgment was valid and clear on its face, and needed no interpretation. Here, the chancellor arbitrarily changed her mind and added an additional retirement account that has yet to be accounted for to a its prior judgment that needed no interpretation or clarification. In addition, Fannie failed to identify any other reason to remove the time-bar to her motion. For these reasons, I would reverse and render the chancery court’s order.
IRVING, P.J., AND ROBERTS, J., JOIN THIS OPINION.

. The majority contends that the B & CU and Solae LLC accounts are somehow the same account of which Fannie was awarded forty percent. However, the record does not show any correlation between the two retirement accounts. In fact, the order interpreting the prior judgment addresses the accounts separately. The record indicates that Fannie entered a qualified domestic relations order which B & CU refused to recognize, but she did not encounter the same issue with Solae LLC. Thus, based on the record, as well as the language in the chancellor’s order, the Solae and B & CU retirement accounts are controlled by two separate entities.